EASTERN DIST.
June, 1835.

GARCIA ET AL. *vs.* CHAMPOMIER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

GARCIA ET AL.
*vs.*
CHAMPOMIER
ET AL.

8L 519
50 1297

8L 519
d52 1671

Brokers are persons who negotiate for others, and as acknowledged agents have power to bind their principals.

But persons stipulating to furnish flour at a fixed price, for a certain commission, and at a given day, will be considered as acting for themselves, and be personally responsible for their contracts.

In commutative contracts the defendants need not be put *in morâ* by a tender of the price, when it is shown they refused positively, and declared they were unable to comply, when demanded to do so.

This is an action claiming damages of the defendants, in the sum of three thousand five hundred dollars, for the non-fulfilment of a contract to deliver one thousand barrels of flour, at four dollars fifty cents per barrel, to the plaintiffs.

The plaintiffs allege that they contracted with the defendants, for the delivery to them on the 29th of June, 1834, in New-Orleans, of one thousand barrels of flour, at four dollars fifty cents per barrel; that they demanded the performance of the contract on the day appointed, but that the defendants failed and refused to comply with their part thereof, and that since that time, up to bringing suit the 2d July following, flour rose to eight dollars per barrel, whereby they are damaged three thousand five hundred dollars; that they put the defendants in default for the non-delivery thereof.

The defendants pleaded a general denial, and further averred, that in their capacity of brokers, (*courtiers de marchandises*,) they promised, on or about the 20th June, 1834, to furnish to the plaintiffs, a certain number of barrels of flour, at a fixed price, for which they were to receive brokerage commission, at two and a half per cent. on the price; that, during several days after this time, they used all the means in their power, and were unable to procure the flour; that there was but little in market, and none of

EASTERN DIST.
June, 1835.

GARCIA ET AL.
vs.
CHOMPOMIER
ET AL.

the quality required. They deny that the plaintiffs have sustained any damage, &c.

The parties went to trial on these pleadings.

The agreement between the parties is contained in the following counter parts:

"We have sold to Messrs. Garcia, Buyo & Co., for cash, one thousand barrels superfine flour, at four dollars fifty cents per barrel, which we will deliver in the course of the next week, under the condition that it will be inspected at the time of delivery; the said Garcia, Buyo & Co., paying two and a half per cent.

*New-Orleans, June* 20, 1834.

CHAMPOMIER & GIRAUD."

"Said flour to be delivered and received by Garcia, Buyo & Co., at any day the vendors may get ready to deliver it, between this and the end of next week.

C. & G."

"We have purchased of Champomier & Giraud, for cash, one thousand barrels superfine flour, at four dollars fifty cents per barrel, to be delivered in the course of the next week, already inspected; allowing them two and a half per cent. on the amount of said flour, for brokerage.

*New-Orleans, June* 20, 1834.      GARCIA, BUYO & Co.

"Said flour to be delivered and received by Messrs. Garcia, Buyo & Co., at any day the vendors may get ready to deliver it, between this and the end of next week.

G. B. & Co."

The plaintiffs sue for the non-compliance with this commutative contract by the defendants. It is proved they were regularly put *in morâ,* but it is not shown that the money was tendered. The defendants admit their inability to comply. Flour rose rapidly at the time of the contract, and sold at seven dollars fifty cents per barrel, by the last of June. The plaintiffs had to give this price to comply with an engagement of theirs.

The District Court decreed three thousand dollars in damages to the plaintiffs, which it was determined they had sustained, in consequence of the non-compliance by the defendants with their contract, *less* two and a half per cent. on four thousand five hundred dollars. The defendants appealed.

EASTERN DIST.
*June*, 1835.

GARCIA ET AL.
*vs.*
CHAMPOMIER
ET AL.

*Canon*, for the plaintiffs.

*Morphy* and *Grailhe*, for the appellants.

1. In the transaction which took place between Garcia, Buyo & Co., and the appellants, respecting one thousand barrels of flour, the last did not bind themselves personally, but acted as brokers, *courtiers de marchandises*.

2. Admitting for a moment, that Champomier & Giraud were personally bound, they cannot be condemned to pay any damages for the non-compliance of their obligation; because, at the time fixed for the execution of the same, there existed an actual impossibility to perform it. *Louisiana Code*, 2116.

3. The plaintiffs cannot succeed in their action for damages, because they have not fulfilled all the preliminary requisites of the law, to·put the defendants in default: they claimed the flour, which they pretended had been sold to them by the defendants, but they did not tender to them the price stipulated, nor offer to pay, which formality was essential. See *Louisiana Code, articles* 1907, 1927, 1905. 7 *Martin*, 166. 6 *Louisiana Reports*, 154.

4. In synallagmatic contracts the party who claims damages for the inexecution of the obligations of the other party, must show clearly that he was ready and prepared to execute his part of the contract. *Louisiana Code, article* 1907.

5. If the sale were obligatory on the part of the brokers, being made for cash, the purchasers were bound to pay or tender the price previous to the delivery of the thing sold. *Louisiana Code*, 2463. *Duranton, Cours de Droit Français, vol.* 1, *pages* 217, 218.

66

Eastern Dist.
June, 1835.

Garcia et al.
vs.
Champomier
et al.

*Mathews, J.,* delivered the opinion of the court.

In this case the plaintiffs claim damages for the inexecution of a contract, by which the defendants agreed to deliver to them one thousand barrels of flour for the price of four dollars and fifty cents per barrel, the price to be paid at the time of delivery, &c.   The court below gave judgment for the plaintiffs and assessed their damages at two thousand eight hundred and eighty-seven dollars and fifty cents, from which the defendants appealed.

The contract is positive and explicit, and the appellants refused to fulfil the obligations imposed on them by it, within the period stipulated, although requested by the plaintiffs, who afterwards purchased the same quantity of flour at a higher price, in order to comply with an engagement which they were under to some other persons.   The damages claimed and awarded is the difference between four dollars and fifty cents per barrel and the price which they were obliged to pay, &c.

Brokers are persons who negotiate for others, and as acknowledged agents, have power to bind their principals.

On this simple statement the judgment of the court below appears evidently just and legal.

But, it is contended on the part of the appellants, that they are not responsible on that contract, because they acted only as brokers in making it.   A broker, according to our understanding of the term, is a person who negotiates for others, and as an acknowledged agent has power to bind his principals.   Now, in the present instance, the defendants did not assume to act for any other person in making the contract.   They must, therefore, be considered as having acted for themselves, and as personally responsible to the plaintiffs under it.

But persons stipulating to furnish flour at a fixed price, for a certain commission, and at a given day, will be considered as acting for themselves, and be personally responsible for their contracts.

In commutative contracts, the defendants need not be put *in morâ* by a tender of the price, when it is shown, they refused positively, and declared they were unable to comply, when demanded to do so.

It is further contended, that the contract being commutative the defendants ought not to be condemned to pay damages, because they were not legally put *in morâ* by a tender of the price, &c.   The testimony of the case shows, that they refused positively to comply with the contract, alleging as a reason, the impossibility of procuring the flour which they had stipulated to deliver to the plaintiffs.   Under such circumstances, we cannot imagine any thing more vain and

nugatory than an offer to pay the price would have been, *et lex nemini coget ad vana, &c.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.