McDonogh<br>v.<br>Derbigny.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Green *v.* Fonbene.

<div style="text-align: right">

| 2 | 957 |
|---|---|
| 50 | 1297 |

| 2 | 957 |
|---|---|
| d52 | 1671 |

</div>

Where one of the parties to a contract which stipulated for the payment of a fixed penalty in case of the failure of either to comply with its terms, notifies the other that it is impossible for him to comply with the contract, and that he must consider it as null, to exonerate himself from liability for the penalty on the ground of a subsequent promise by him to perform, he must show that the new promise was accepted by the other party. *Per Curiam:* The gratuitous abandonment of an acquired right is not to be presumed.

Where a party contracted with another to deliver merchandize for a certain price, the latter binding himself to pay the price, under a fixed penalty in case of non-compliance on his part; and the purchaser notifies the seller of his inability to comply and declares the contract null, it will amount to an active breach of the contract, and the seller will not be bound to tender the goods to enable him to recover the penalty.

APPEAL from the District Court of the First District, *Buchannan*, J. *G. W. Christy* and *Wray*, for the appellant, cited C. C. 1925, 1926. *Lynch* v. *Postlethwaite*, 7 Mart. 218. *Kelly* v. *Caldwell*, 4 La. 40. *Garcia* v. *Champomier*, 8 La. 519. *Soulé*, for the defendant. The judgment of the court was pronounced by

Slidell, J. The plaintiff and the defendant agreed, the former to furnish within a certain time, and the latter to receive and pay for at a certain rate, a quantity of staves. The defendant bound himself in a penalty of $500 for the performance of his part of the contract. Two or three months after this contract was made and before the period for its execution had expired, the defendant addressed a letter to the plaintiff, in which, after stating the depressed condition of the foreign and domestic market as to the article contracted for, he says it is impossible for him to fulfill the contract, and concludes his letter by saying, "therefore you will consider our contract null." This suit is brought by the plaintiff to recover the stipulated penalty of $500. The petition avers the contract, the stipulation of the penalty, the address to the plaintiff of the letter advising the impossibility on the part of the defendant to fulfill the agreement, and undertaking to annul it, and the liability of the defendant to pay the penalty.

The answer of the defendant is as follows: "He admits his signature to the contract and to the letter annexed to the petition; and further, he says, that a very short time after writing said letter, the said plaintiff being in New Orleans, was duly informed, by a verbal notice of said defendant, that he was ready and willing to receive the staves mentioned in the contract, but that said plaintiff has never complied with his share of the contract, and has never delivered at the place designated in said contract any staves whatever, on account of or for the said defendant; that no real tender has been made unto this defendant in conformity to law, so as to make him answerable to plaintiff in the sum by him claimed, his letter being annulled by his promise to abide by the contract; that

GREEN
v.
FONBENE.

the plaintiff has made himself liable towards the defendant in the penalty of the contract, for which defendant reserves to himself the right of suing the plaintiff; that he denies owing said *Green* any sum whatever, and prays to be dismissed."

This answer admits the contract and the writing of the letter, and sets up a subsequent promise by defendant to fulfill the contract. But it is to be observed that the answer does not allege that the new promise was accepted by the plaintiff; and on this very material point the testimony offered by the defendant is equally defective. To relieve the defendant from the consequences of his own written declaration that it would be impossible for him to perform his part of the contract and that it must be considered null, it was certainly necessary to furnish evidence of a very clear and satisfactory character. This has not been done. There is testimony of a conversation between the plaintiff and a clerk of the defendant, which is of a vague character, and, taken it in its fullest legal extent, only shows that the plaintiff, in reply to a declaration of the clerk that the defendant would accept the staves if they were brought, answered that he had received a letter from the defendant renouncing the contract, and that as the defendant had told him not to make the staves he did not make them. This does not establish an acceptance by the plaintiff of the new promise or offer, nor is it to be regarded as a waiver of the clear right to the penalty which the plaintiff had acquired by the defendant's letter, which was an active breach of the contract. He could with propriety say, I made no staves because the defendant wrote to me not to make them, that he could not pay for them, and that the fulfilment of the contract on his part was impossible. The gratuitous abandonment of an acquired right is not to be presumed.

There was evidence received, notwithstanding the exception of the plaintiff, to the effect that, in conversations with the defendant's clerk, the plaintiff first said he had not received the defendant's letter, and afterwards changed his ground, and said he had received it. We think this testimony was inadmissible under the pleadings. The petition charged the addressing of this letter to the plaintiff by the defendant, and made it, with the contract, the basis of the action. The answer did not deny, but in clear terms admitted the writing of the letter; and set up an avoidance of its legal effect by a subsequent promise.

We are of opinion that the first conclusion of the district judge was correct, and that the plaintiff is entitled to recover the penalty. After the defendant declared his inability to fulfill the agreement, and signified in so positive a manner that he would not stand to it, the plaintiff was not bound to procure and tender the goods bargained for. *Garcia* v. *Champomier*, 8 La. 519. The district judge, in his second opinion, after granting a new trial, considered the letter not as an absolute and active breach of the contract, but as a proposition to annul it. But in this view we cannot concur. The language of the defendant was unqualified and peremptory.

It is therefore decreed that the judgment of the court below be reversed, and that the plaintiff recover of the defendant the sum of five hundred dollars and costs in both courts.