## MARCHESSEAU *v.* CHAFFEE et al.

To entitle a purchaser of a boat load of coal to recover damages of his vendor for a breach of contract, where it is shown that the latter had subsequently sold and delivered the coal to a third person for immediate use, proof of tender of the price is not required ; such a tender would have been a vain thing.

In actions for damages for breaches of contract, the market value at the time of the breach, where there is a market value, is the measure of damages; the party being entitled to recover advances made and expenses incurred by him under, or on account of, the contract, and, in certain cases, interest.

MARCHESSEAU
v.
CHAFFEE.

In an action for the breach of a contract of sale for a cargo of coal, sold for a certain price, to be delivered to the purchaser at a certain place, at the expense and risk of the vendor, but resold the next day by the vendor to a third person for the same price, which was shown to have been the market price, the latter agreeing to take the cargo at the place at which it was lying at the time of the first and second sales, the first purchaser can only recover as damages the expense of transporting the coal from the place at which it was sold to the place at which it was to have been delivered to him, and the value of the risk incurred in its transportation.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Buisson*, for the appellant. *Greiner* and *Durell*, for the defendants. The judgment of the court was pronounced by

ROST, J. This is an action of damages for the breach of a contract for the sale of a boat-load of coal, measuring about two thousand barrels. The defendants filed a general denial, and averred that they had not been put in default. There was judgment in their favor, and the plaintiff appealed.

We are of opinion that the contract alleged in the petition is proved by competent evidence, and that, after the defendants had sold and delivered the coal to another person, who bought it for immediate use, the plaintiff would have done a vain thing in tendering the price. *Garcia* v. *Champomier*, 8 La. 519.

The only inquiry which this case presents is, the amount of damages sustained. The plaintiff had purchased the coal at fifty cents per barrel; the boat was then lying some distance above this city, and was to be landed the next day, in front of St. Louis street, at the expense and risk of the vendors. On the day following this sale, the defendants sold at the same price to *Oxnard*, who took the boat where it was, and had it towed down to the wharf of his refinery, at his expense and risk. This was the day of the breach of the contract.

In actions of damages for breach of contract, we have adopted the rule that the market value at the time of the breach, when there is a market value, is the measure of damages: the party claiming damages being farther entitled to recover the advances made and expense incurred by him under, or on account of, the contract, and in certain cases interest. *Porter* v. *Barrow*, 3d An. 140.

In this case the coal was sold for the price the plaintiff had agreed to give the day before, and we are satisfied that the price obtained was the market value. The only gain made by the defendants in the second sale consisted in delivering the boat where it lay, instead of incurring the expense and risk of landing it opposite St. Louis street. For the amount of that expense, and the value of that risk, the plaintiff would be entitled to a judgment, if he had proved them; but, as he has failed to do so, he can only recover nominal damages.

It is, therefore, ordered that the judgment in this case be reversed, and that the plaintiff recover of the defendants one dollar damages, with costs in both courts.