JOHN NICHOLSON v. LOUIS DESOBRY.

Where a cross-interrogatory which is pertinent and material has not been answered, the deposition should be excluded.

The party taking the deposition can always protect himself from surprise by taking the rule, or filing the notice allowed by the 17th section of the Act of 1839, which embraces objections of this character.

If the cross interrogatory which is not answered is not relevant, the deposition should not be excluded.

Where the damages claimed are the consequence of the defective execution of the contract, no formal putting in default is necessary.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.

*J. Livingston,* for plaintiff and appellant. *G. L. Bright,* for defendant.

MERRICK, C. J. The plaintiff has instituted the present action as the transferee of the firm of *Arthurs, Armstrong & Co.* He alleges that the defendant is indebted to him in the sum of $3800, with eight per cent. interest thereon from March 1st, 1849, for this, viz: that said defendant contracted with the firm of *Arthurs, Armstrong & Co.,* composed of *John Arthurs, John Nicholson, Jas. R. McClintock, William Stewart* and *John Armstrong,* for a steam engine of the same capacity as *Dr. Clement's,* with the privilege of making any alterations not to affect the utility of the same ; the contract bearing date the 19th day of December, 1846 ; that the contractors performed their part of the agreement ; that the price agreed upon was $5800, two thousand dollars to be paid on the delivery of the engine on the plantation, two thousand dollars on the first day of March, 1848, and one thousand eight hundred dollars on the first of March, 1849, with eight per cent. interest; that the installment of two thousand dollars was paid ; that the firm of *Arthurs, Armstrong & Co.* was long since dissolved, and petitioner became the owner of the partnership property, assets, credits, &c., and that said claim of $3800 and interest has been transferred to petitioner. He prays for judgment against the defendant for the debt and interest.

"The defendant denies generally the allegations of the plaintiff. He denies that the plaintiff is the transferee of *Arthurs, Armstrong & Co.* He admits the contract, but alleges that instead of the mill and engine being delivered at the plantation on or before the 1st of June, 1847, and put up ready for use by the 1st of October, 1847, as was stipulated in the agreement, it was not delivered until the 13th of August, 1847, nor put up until the — of November, 1847 ; that by reason of the bad materials used in their construction, defective workmanship, weakness of the cylinder, iron frames and shaft, defect in rollers, bad construction and weakness of steam-chest, imperfect cog-wheels, bad construction of the chain carrier, and general insufficiency of said engine and mill, and the unworkmanlike manner with which it was erected, it would not work and answer the purposes intended, but was the cause of great loss and damage to him. He alleges that in the month of December following, the plaintiff came to his plantation, and after examining the mill and engine, admitted their insufficiency, imperfections and bad construction, and agreed to return on the 1st of May, 1848, for the purpose of placing stronger iron frames under the sugar mill, furnish a new roller and wrought iron shaft of 8½ inches in diameter, replace a new steam-chest, rebuild the carrier and furnish a stronger chain, in fact rebuild the engine and mill to

11

give full and entire satisfaction to your respondent at the next rolling season; that this second agreement was not fulfilled, and the defendant apprehending the loss of his crop if the rebuilding and repairing of the engine and mill were delayed any longer, purchased in the month of July materials and employed persons to repair and rebuild the engine and mill, so as to make them answer for the approaching grinding season, and expended the sum of $2026 74, as will appear by the bill of items, annexed to his answsr.

"The defendant further alleges that he advanced, on account of the contract, the sum of $2000, at one time, and at another $667; paid $31 88 for freight; making in all $2,698 88, which is much more than the value of the very defective mill and engine landed on his plantation. He complains that, by reason of the insufficiency and defects of the mill and engine, the cane was not sufficiently pressed; that by frequent stoppages, caused by insufficiency and bad construction, much time was lost in the making of sugar, and the cane was damaged by frost, cold and bad weather; that of the crop of 1847, he lost:

| | |
|---|---:|
| 100 hhds. of sugar of the value of | $5,500 |
| 150 bbls. of molasses | 1,200 |
| Of the crop of 1848, he lost: | |
| 60 hhds. of sugar, of the value of | 3,500 |
| 100 bbls. of molasses | 800 |
| | $10,800 |

"The several sums of $2000, $667, $31 88, and $10,800, he pleads in reconvention.

"The District Court rendered judgment in favor of defendant against the plaintiff's claim, and a judgment of non-suit as to the reconventional demand."

The plaintiff prosecutes the appeal. He calls our attention to the bills of exception taken to the ruling of the District Judge, which he deems erroneous. The first bill was taken to the rejection by the District Judge of the depositions of *James Parker, James Slicer* and *Andrew J. Nicholson.*

The objection made, as it appears by the bill, is "that the witnesses had not answered the cross-interrogatories propounded."

It is now urged by defendant's counsel, "that the bill is insufficient and too general; that it requires the court to search through a voluminous transcript for the answer to every interrogatory, whereas it should contain a statement of every thing necessary, to enable the appellate court to say that the court below erred."

It is true that the bill must contain the proper statements in order to enable this court to judge of the ruling of the lower court. But in stating in the bill the objection made by the opposite party, it is obvious it can only be stated as it was made in the lower court. If the objection made was a general one, it will so appear in the bill, and it is not the fault of the party taking the bill, that the objection was not more specific. The bill of exception appears, therefore, to be well taken in its form, and we must examine the objections pointed out by defendant's counsel.

The objection to *James Parker's* deposition is, that he has not answered the fourth cross-interrogatory. The question propounded by defendant was, who composed the firm of *Arthurs, Armstrong & Co.* If you state that any of them died, state when he died? When was said firm dissolved? What firm succeeded *Arthurs, Armstrong & Co.?* Who were *Nicholson & Armstrong?* When was

that firm created? When was it dissolved? Witness answers, "*John Arthurs,* *John Nicholson* and *Francis Armstrong*, as I understood, composed the firm of *Arthurs, Nicholson & Co.* I do not know when the firm was dissolved. I do not know what firm succeeded *Arthurs, Armstrong & Co. Nicholson & Armstrong* were *John Nicholson* and *Francis Armstrong.* I do not know when this firm was created nor when it was dissolved."

It is evident that the first branch of the fourth interrogatory, viz, the question " who composed the firm of *Arthurs, Armstrong & Co.,*" has not been answered. The District Judge seems to have considered the question as pertinent and material. If so, the defendant was entitled to an answer. The answer given does not respond to the question, and is not entirely covered by the decision in the case of *Lurty* v. *Merryman,* 12 An., 181. Something must be left to the discretion of the Judge trying the case; and if he be of the opinion that a pertinent and material question has not been answered, he ought to exclude the deposition. The opposite party has no means of compelling an answer to his cross-interrogatories, except by objecting to the deposition, if his questions come back unanswered. The party taking the deposition can always protect himself against surprise by taking the rule, or filing the notice allowed by the 17th section of the Act of 1839, which embraces objections of this character. We cannot, therefore, say that the District Judge erred in excluding the deposition of *James Parker.*

The deposition of *Andrew Nicholson* under the decision in the case of *Lurty* v. *Merryman,* ought to have been received. Perhaps the numerous matters enquired of in each cross-interrogatory may have been one reason why the answers were not more explicit. The answer of *James Slicer* to the first cross-interrogatory is somewhat evasive. But as the defendant shows that this interrogatory was propounded for the purpose of showing by the planters for whom *Slicer* had 'previously labored, that he was not a good workman, it is apparent that the question and answer are irrelevant. The matter to be decided is not whether the workmen employed had previously been inexperienced workmen. It is, whether the work done by them on the steam engine and sugar mill was or was not well done. If their work on some former occasion was bad, they may have acquired more experience since, or the work may have been done under the eye of one more competent to direct the workman. The objection is insufficient to exclude *Slicer's* testimony.

The defendant offered witnesses to prove the reconventional demand. The plaintiff objected to the testimony, on the ground that there was no allegation in the answer that the plaintiff had been put in default, the same being a pre-requisite for the recovery of damages.

Where the damages are the consequence of the defective execution of the contract, no formal putting in default is necessary. *Morton* v. *Pollard*, 9 L. R. 176 ; *Millaudon* v. *Ferguson,* recently decided.

The Judge of the District Court did not, therefore, err in receiving the testimony.

The plaintiff offered on the stand as a witness *Francis Armstrong*, a member of the firm of *Arthurs, Armstrong & Co.*, but not a party to the suit, to prove that the assets of this partnership were transferred and sold by the firm to the plaintiff. The testimony of the witness was objected to and excluded, on the ground of interest. A written instrument from each of the partners, bearing date anterior to the institution of the suit, might have been offered in evidence to prove the fact sought to be proven by this witness. The witness was offered to

prove a single fact adverse to his interest, viz, that the obligation sued on had been transferred by himself and partners. The proof of the fact would be no defence to any reconventional demand, which the defendant might have against the witness and the other partners. It may be said that it will enable the plaintiff to set up the demand of *Arthurs, Armstrong & Co.* as a defence to the reconventional demand. The answer to this is, that the witness and other partners are only bound for their virile shares, and by proving the transfer, it would seem he enables the plaintiff to use the whole demand in defence of the action against himself, and to the prejudice of his co-partners, who are not parties to this suit.

We do not perceive therefore on what particular ground the testimony as to the fact sought to be proven can be excluded.

The party offering the witness runs the risk of a cross-examination upon the whole case should the opposite party think it safe to avail himself of his privilege. 12 An. 826, *Davidson* v. *Poydras.*

On the merits, conceding the transfer to be proven, we do not think the plaintiff has made out a case. The testimony of defendant's witnesses shows that the work was badly done. This testimony is also corroborated by the agreement taken by the defendant of the plaintiff, December, 1847. The agreement is as follows, viz :

I will agree to be on *Mr. Desobry's* plantation on or about the first of May next, for the purpose of placing stronger iron frames under his sugar-mill, furnish him with rollers and wrought iron shaft of $8\frac{1}{4}$ inches diameter, replace a new steam-chest, rebuild the cane carrier and furnish a stronger chain ; in fact rebuild the engine and mill to give full and entire satisfaction to *Mr. Louis Desobry* at the next rolling season.

PLAQUEMINES, 19*th December,* 1847.

[Signed]          JOHN NICHOLSON.

The evidence does not, therefore, show that compliance on the part of the plaintiff which will enable him to recover under his original contract.

The defendant has alleged that he repaired the mill and engine in 1848. Plaintiff's counsel contends that, as there is no proof when the work was done, it must be presumed that the work was done by the plaintiff in 1848, and that he complied with the second agreement and is entitled to recover. This argument is inadmissible. The defendant has shown various repairs done by himself, and although he has not proven the date at which they were done, we can safely infer that they were done in consequence of the non-compliance of the plaintiff with his second agreement.

The plaintiff further contends, that if there has not been a strict performance of the covenants contained in the contract on his part, he is still entitled to recover the value of his engine and machinery, because the defendant has taken and used the same, and ought to pay for the value, if not the contract price, of the same. The testimony on this branch of the case is entirely insufficient to form the basis of a judgment.

The reconventional demand is also too vague and uncertain. It does not appear that the defendant ever paid the plaintiff more that $2000. It is true he has made some considerable repairs upon the engine, but he has been using it many years. As to the loss of the crop of 1847, there is nothing definitely proven.

The defendant alleges that he repaired the mill and engine in 1848. If so, the plaintiff cannot be charged with any loss he may have experienced that year.

NICHOLSON
*v.*
DESOBRY.

The plea of prescription pleaded by defendant cannot be sustained. The second installment was made payable the first of March, 1848, and the suit was instituted in April, 1857.

The plaintiff's testimony having been excluded, the judgment ought to have been one of nonsuit.

It is, therefore, ordered, that the judgment of the lower court be so amended as to reserve to the plaintiff the right to institute a new action for the causes set forth in his petition, and that the judgment so amended be affirmed, the defendant and appellee paying the costs of the appeal.