MARY SUMMERLIN et al. *v.* A. LIVINGSTON et al.

Where a marriage is null and void no community can ever exist between the parties to it.

Where a party legally married, before the dissolution of such marriage, contracts another, the latter contract is absolutely null, and is not susceptible of confirmation or ratification whether express or implied. Nor is it necessary that a direct action be instituted for the purpose of setting it aside: its nullity may be demanded by way of exception or defence.

In a suit for the settlement of the community, the surviving spouse may set up, for purposes of defence, the nullity of the marriage, arising from the fact that the deceased was at the time of the marriage, legally married to another person; even though he was aware of her condition at the time of their marriage. A party cannot avail himself of his own turpitude as the basis of a demand; yet he is not estopped when he resorts to it for purposes of defence.

The admission by a defendant, in his original answer, that he married the deceased, will not estop him from amending his pleadings by alleging the absolute nullity of such a marriage.

A marriage absolutely null may produce civil effects; but this takes place by special provision of law, and only in favor of the party who has acted in good faith, and in favor of the children born of the marriage. The contract itself has in other respects no vitality.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Newton & Hall*, for plaintiffs and appellants. *W. H. Compton* and *Todd & Brigham*, for defendants.

VOORHIES, J. This suit involves mainly a settlement of the community, which had existed between *Aaron Livingston* and his deceased wife, *Martha F. Hinson*.

At the threshold of the investigation of this cause, our attention is arrested by

two bills of exception, taken by the counsel for the defendant, *Livingston*. Both of these relate to a ruling of the District Judge, with regard to the right of the surviving spouse to assail the validity of his marriage to the deceased.

Application was made, on the defendants' behalf, to amend the original answer, in order to enable him to aver and prove that, at the time of his marriage with the deceased, the latter was a married woman, and had on that occasion, been guilty of the offence of bigamy.

It is evident, that the party has an interest in raising that issue; for, if the marriage be null and void, no community ever existed between him and the deceased. C. C. 115 et seq. But his opponents contend that this question cannot be raised in the present form; and furthermore, that the defendant is estopped from availing himself of this plea.

"Persons legally married are, until a dissolution of marriage, incapable of contracting another, under the penalties established by the laws of this State." C. C. 94. The nullity of such a contract, is absolute; as it contravenes the policy of the law, and, besides, subjects the guilty party to a criminal prosecution. Such nullities are not even susceptible of confirmation or ratification, whether express or implied. C. C. 115, 2252. Nor is it necessary that a direct action be instituted for the purpose of setting aside the contract: its nullity may be demanded by way of exception or defence. See the case of *Domec* v. *Barjac and Lalande*, ante page 342.

It is true that, if the defendant was at the time aware of the condition of the deceased, and of her incapacity to enter into the bonds of matrimony, his course in marrying her was highly immoral and reprehensible. The record does not give any information on this subject; but, at all events, although the party could not avail himself of his own turpitude as a basis for a demand, yet he is not estopped when he resorts to it for purposes of defence. See the case of *S. C. Weaver* v. *C. E. Alter*, 15 An.

It is lastly contended, that, by the answer filed in this cause, the defendant, *Livingston*, is estopped from availing himself of the alleged radical defect of the marriage between himself and the deceased.

The admission by the defendant, that he married the deceased, is not inconsistent with the allegation that, in so doing, the latter committed bigamy. No doubt, the parties entered into the bonds of matrimony; but if one of them was at the time incapacitated by a previous marriage, the second contract, although clothed with the forms of law, was radically null and void. It is true, that such a contract may produce civil effects; but this takes place by special provision of law, and only in favor of the party who acted in good faith, and in favor of the children born of the marriage. C. C. 120. But even then the contract itself has, in other respects, no vitality; and, in legal parlance, the parties have never been married.

This case must then be remanded, to allow the defendant to amend his pleadings, for the purpose of alleging and proving the nullity of the marriage between himself and the deceased, *Martha F. Hinson*.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; and that this case be remanded for further proceedings according to law, the plaintiffs paying the costs of appeal.