39 589
46 1355

39 589
108 264

### No. 9818.

### JOSEPH DUNBAR VS. HIS CREDITORS.

An attorney employed by a person in insolvent circumstances and in contemplation of declaring his insolvency and of making a *cession*, is entitled to compensation for advice and services rendered in the preparation of his petition and schedules; and that compensation must be fixed by the court having jurisdiction of the insolvent's estate according to the proof.

The provisions of Rev. Stats., Sec. 1817, exclusively apply to the "fees of the counsellor who shall be appointed to represent the absent creditors," and same must be deducted from the amount awarded to them.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

*W. S. Benedict* and *H. C. Cage* for Syndic, Appellant.

*Singleton, Browne & Choate* for Opponents and Appellees.

The opinion of the Court was delivered by

WATKINS, J. The sale of the property of the real estate realized

$23,238.11, and this sum is carried on the account and tableau of distribution, as the principal asset of the insolvent's estate.

Singleton, Browne & Choate oppose the homologation of the account and tableau in respect to several items of debit entered thereon and two items of credit—in the aggregate $2,221.07.

The opponents allege that the sum placed upon the account as an item of credit, due by them to the estate, of $382.17, is incorrect and not by them due and owing; but that said sum had been received by them from the insolvent for professional services and advice rendered him in connection with the insolvency, and various matters appertaining thereto, and for the preparation of his petition and schedules in the insolvency proceedings, as his attorneys and counsellors at law.

They also claim the sum of $31.50, expended for stamps employed and used by the insolvent in the course of those proceedings.

They claim, in addition, that the insolvent is indebted to them, for professional services rendered him in the suit of the city against him for $400, as a license for 1883, $40.

These items do not appear on the account and tableau.

In the court below there was judgment in favor of the opponent, striking from the account the items complained of, reducing the auctioneer fees, recognizing opponent's demands against the estate of the insolvent, and in all other respects approving and homologating the account.

The syndic alone appeals.

The record discloses the following material facts, viz:

That the law firm of Singleton, Browne & Choate were consulted by Joseph Dunbar, previous to his declaration of insolvency, in reference to his proposed surrender.

That it was by them regarded a serious question whether he was or not entitled to the benefits of the State insolvent law. There was difficulty in obtaining the consent of the Factors and Traders' Insurance Company to a sale of the property on which they held a lien, upon such terms as would benefit the other creditors, and at the same time secure themselves.

That firm visited the various creditors of Dunbar and explained to them his situation, and obtained powers of attorney from the absent and non-resident creditors. These services continued during a period of five or six months, and to the date of Dunbar's *cession.*

The petition and schedules of the insolvent were prepared, signed and filed by those gentlemen as his attorneys.

The petition for the discharge of the insolvent was prepared and filed by them, and final discharge obtained by them.

Thereafter different counsel were chosen to represent the provisional and definitive syndics, who were placed on the tableau as creditors for a fee of $650.

There was no attorney appointed to represent the creditors residing out of the State. R. S. Sec. 1789.

It is claimed by opponents that they had, by their services previously rendered, obviated that necessity and expense to the estate of the insolvent.

On this state of facts the question is raised as to the correctness of the allowance in favor of the opponents.

The counsel for the syndic states that "the law is clear, that an attorney presenting the schedules of an insolvent, is entitled to a fee with privilege on the assets surrendered which, *in no* event, can exceed $250.

He doubtless relies upon R. S. Sec, 1817, as authority for this assertion. But in this he is under a mistake. That section refers to "the fees of the counsellor who shall be appointed to represent the *absent creditors*," and not the *attorney employed by the insolvent* to advise with his creditors and prepare his petition and schedules.

Indeed, that section distinctly provides that such fees as those of the counselor for absent creditors "shall in no case be paid by the *mass* creditors," and "in no case shall the fees exceed the sum of $250."

The only duties that are imposed upon an attorney for absent creditors are to give them notice of the filing of the schedules and to look after their claims and superintend the proof of same before the notary. R. C. C. 3088.

In the nature of things, no definite amount of compensation could be fixed for the attorneys of the insolvent. The amounts must necessarily vary, as the affairs of the insolvent might be simple or complicated, great or small.

The authorities cited by the counsel of the syndic support the theory that "an attorney employed by the insolvent to give him advice and to prepare his schedules" is entitled to receive some compensation out of the estate of the insolvent. 3 O. S. 363; 6 O. S. 560; 5 N. S. 399, 401.

We think the proof amply sustains the charge that is made. It also establishes the fee of $40 claims.

Judgment affirmed.