## No. 12,756.

### JOSEPH SOLOMON VS. EDWIN S. GARDINER ET AL.

All testimony offered by defendant in support of his plea in reconvention having been ruled out, the jury should have been instructed there was no evidence before them touching such demand, and that as to same they should return a verdict as of non-suit.

The verdict having been silent as to such demand in reconvention, it was error on part of the trial judge to incorporate in the final judgment drawn up and signed by him a decree rejecting it. There should have been dismissal as in case of non suit merely.

Where the averments of an answer and plea in reconvention sufficiently show

that the violation of the contract complained of was an *active* one, no formal
putting in default was necessary.

The averments of the reconventional demand, in respect of the damages claimed,
held to be sufficiently definite and precise to admit evidence in support
thereof. Error in its exclusion.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

*Dinkelspiel & Hart* for Plaintiff, Appellee.

*Edwin T. Merrick* for Defendant, Appellant.

Argued and submitted May 19, 1898.
Opinion handed down May 30, 1898.
Rehearing refused June 28, 1898.

The opinion of the court was delivered by

BLANCHARD, J.   Plaintiff sues upon a promissory note for seven-
teen hundred and seventy-seven dollars and fifteen cents, which
defendant Gardiner had drawn payable to order of himself and by
him endorsed, and which the other defendant, Peter Doerr, had
also endorsed.   Judgment was asked *in solido* against them.

Plaintiff was, or had been, a member of the commercial firm of
Joseph Solomon & Co., of Chicago, engaged in the business of the
manufacture and sale of clothing.

Defendant Gardiner was a clothing merchant and merchant tailor
in New Orleans.

In December 1896, these parties entered into an agreement by
which plaintiff's firm stipulated to furnish defendant with complete
sample outfits such as were required for soliciting in his business as
merchant tailor; also to supply defendant with a line of woolens,
described, to be used for display at his place of business, but which
were furnished on consignment only and not to be charged on
defendant's regular account, and which were subject to be recalled
by plaintiff's firm, some of them during the season, the others at
the close of the season.   It was further stipulated that the firm
would open a regular account with defendant and extend to him a

line of credit of one thousand dollars on thirty days' time, with a discount of seven per cent. on remittances, and to fill promptly all orders which defendant would send in under the contract.

This business relationship having been established, it is averred by defendant that one of the plaintiff's firm came to New Orleans in the latter part of January 1897—a month and a half after the contract had been entered into—and visited his place of business, and while there agreed to extend his (defendant's) credit and to increase the limit in which remittances should be made from thirty days to ninety days.

Following this, defendant ordered and received from plaintiff's firm goods amounting to the sum of one thousand seven hundred and seventy-seven dollars and fifteen cents, which represented the · state of the account between them on the 6th of July, 1897, at which time, it is averred by defendant, the same member of plaintiff's firm appeared a second time in New Orleans and at his place of business, and although the amount mentioned was not due under the terms of their agreement, he (defendant) " was induced and misled " into giving to plaintiff's firm the note sued on, with Peter Doerr as security, " under the pretence and fraudulent assurance " of the firm that if the debt were thus arranged for and secured, the firm would extend his credit thereafter to as much as three thousand dollars, thereby enabling him the better " to carry on his large and growing business."

The note and security having been obtained, defendant represents that plaintiff's firm " did maliciously, fraudulently and deceitfully and without cause violate their said agreement with him by refusing to furnish or supply him with the goods agreed upon," and that this violation and refusal begun and took place immediately following the execution of the note as aforesaid.

He claims, too, that while plaintiff's firm were assuring him of their good will and of the assistance they were going to afford him in his business, they were fraudulently, maliciously and secretly negotiating with a rival house for the transfer of their New Orleans business to it, and did so transfer it in July, 1897, immediately following the execution of the note sued on. He charges bad faith and malice on the part of plaintiff's firm in thus withdrawing without cause and without notice their business from his hands, and avers that by this unwarranted act and violation of the contract he

was materially injured in his credit, was unexpectedly deprived of the means of doing business, of carrying on his business properly for the season following the withdrawal, was greatly embarrassed by having all the goods recalled from his store, leaving it empty, and by his inability to furnish customers.

He represents that injury to his business and loss of trade followed, damaging him in the sum of five thousand dollars, which he prays judgment for in reconvention against the plaintiff as a member of the firm of Joseph Solomon & Co., and for trial by jury.

The answer of defendant Doerr was to the effect that he became surety on the note for the purpose of facilitating Gardiner in his business, and with the understanding that plaintiff's firm should and would enable the said Gardiner to increase and enlarge his business, which understanding plaintiff has in bad faith and fraudulently violated, thereby destroying the consideration of the note, and that he would never have endorsed the note had he been advised of the secret intention of the plaintiff to withdraw their business from Gardiner.

On the trial evidence was offered by defendant in support of his claim in reconvention. This was objected to by counsel for plaintiff on the ground (1) that there is no allegation in the answer and plea in reconvention that plaintiff had been put in default; (2) that the averments of the reconventional demand as to the damages claimed are too vague, indefinite and uncertain to admit of proof thereof— no particulars of any kind being given, no items of damage being specified, only a gross sum in damages being claimed.

These objections were sustained and all of defendant's testimony excluded.

Whereupon the trial ended with a verdict by the jury in favor of the plaintiff for the amount of the note sued on, with interest, protest fees and costs. Nothing whatever was mentioned in the verdict as to the reconventional demand, but when the trial judge came to write up and sign the judgment he not only decreed in favor of plaintiff for the amount as found by the jury, but proceeded further and decreed the rejection outright of the reconventional demand of defendant Gardiner.

, Thereupon both defendants took orders of appeal to the Court of Appeals from the judgment decreeing plaintiff's right to recover the amount of the note, and defendant Gardiner took an order of appeal here from the judgment rejecting his demand in reconvention.

As a matter of practice as well as of law there was error in not instructing the jury there was no evidence before them touching the reconventional demand, and that as to such demand they should return a verdict of non-suit. So, too, there was error in the judgment signed decreeing the rejection of the reconventional demand. It should have been one of non-suit.

The ruling of the court denying defendant Gardiner the right to offer evidence in support of his demand in reconvention was erroneous as to both the grounds stated above.

The terms of the answer and plea in reconvention in respect to the violation of the contract complained of, sufficiently show it to have been an *active* violation. In such case no formal putting in default was necessary. C. C. 1932; Allen, West & Bush vs. Steers, 39 La. Ann. 589; Dwyer Bros. vs. Administrators, 47 La. Ann. 1235; Abels vs. Grover, 15 La. Ann. 247; Millard vs. Farley, 15 La. Ann. 519; Levy vs. Schwartz, 34 La. Ann. 213; Morton vs. Pollard, 9 La. 175; 8 La. 522; 18 La. 513; 17 La. Ann. 203; 36 La. Ann. 425; 14 La. Ann. 81; 9 R. 377; 2 La. Ann. 957.

The averments of the reconventional demand in respect to the damages claimed were sufficiently definite and precise to admit of testimony in support thereof.

Bickham & Son vs. Hutchinson, 50 La. Ann. (not yet reported); Doullut vs. McManus, 37 La. Ann. 802; Tracey vs. Tuyes, 7 N. S. 356.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment appealed from, in so far as the same reject and disallow defendant Gardiner's demand in reconvention, and deny him the right to offer proof in support thereof, be annulled, avoided and reversed, and that this cause be remanded to the court *a qua* to be proceeded with according to the views herein expressed and the law costs of both courts, accruing in respect of said demand in reconvention, to be taxed against plaintiff and appellee.