The opinion and judgment of the court in the following case, prepared by BLAN *727 QI-IARD, J., prior to his retirement from ithe bench, adopted by the court in consultation, is now handed down for the court by BREAUX, J.:
Plaintiff is a cotton merchant at Shreveport, La. Defendant owns and operates a cotton compress .at Homer, La.
Plaintiff had a resident cotton buyer at Homer, and, as he purchased cotton for his principal, it was Ms habit to send the same to be compressed at defendant’s, press. Sometimes cotton he would purchase would be already in the warehouse of the compress, having been stored there by its original owner.
As the necessities of plaintiff’s business required the cotton thus purchased to be compressed, an order to that effect would be given.
Plaintiff’s contention, in his petition, is that just prior to October 11, 1901, he delivered at the compress 1,250 bales of cotton, and gave an order for the same to be compressed and shipped out on time, but that this was not done, through the fault and negligence of the defendant, and, because of the delay resulting from the failure to obey the order, the cotton did not arrive at its place of destination, the city of New Orleans, in time, and that, owing- to the fall in cotton during the days defendant was in default, he (plaintiff) was forced to sell the cotton for a sum of $3,067.27 less than he could and would have sold it for had it reached New Orleans in due time after the order aforesaid was given.
To the $3,067.27 he adds $19.69 extra insurance on the cotton made necessary by the delay, and $106.94 as interest on the money to carry the cotton the average term of the delay, nine days, at the rate of 8 per cent, per annum. These several sums make up the aggregate of $3,193.90 for which plaintiff sues.
He alleges it to have been the custom of defendant’s compress and all other compresses in that section of country to compress and ship out the cotton of their customers at any time within three days after it is ordered out, and he avers he had the promise of defendant’s superintendent to compress and ship out the cotton in question in time to enable him (plaintiff) to meet his contract in New Orleans.
He sets up that, by the exercise of reasonable energy and diligence on part of defendant, the cotton could have, been compressed and shipped out in the respective lots as ordered, in time for it to have reached New Orleans by the date contemplated, and thereby have saved him the loss and damage complained of.
Defendant admits receiving and compressing the cotton, hut denies any engagement to compress and ship it out within any specified time, and denies generally the other allegations of plaintiff’s petition.
From a judgment rejecting his demand, plaintiff appeals.
Ruling.
From the evidence it appears that plaintiff was under contract to deliver the cotton in question in New Orleans at a certain time, or by a certain date, and that, failing to obtain the shipment of it from the compress in time to meet this engagement, he purchased other cotton in New Orleans, and made delivery of the same to the parties to whom he was under obligation to deliver.
In other words, not being able to secure-the timely transmission to New Orleans of his cotton in the compress at Homer, he bought other cotton in New Orleans to replace it, and thus kept his engagement to deliver so much cotton by a certain date to. his vendee in New Orleans.
This is his (plaintiff’s) own testimony. For the cotton so pm-chased in New Orleans, he paid, he says, a higher price than .he had paid for the cotton in the compress at Homer, and which he had ordered out to meet his contract o'f sale and delivery in New Orleans.
This being so, he has a cause of action to-recover the amount representing the difference in price between the two lots of cotton—the one in the compress at Homer, which he could not get out in time, and the one he purchased in New Orleans to make delivery with. Civ. Code, art. 1934; Berje v. Ry. Co., 37 La. Ann. 470; Gauthier v. Green, 14 La. Ann. 788.
But there is no evidence in the record establishing the price to be paid for the cotton in question, and none as to the higher price he had to pay for other cotton in New *729 Orleans to meet his engagement of delivery to the party in New Orleans.
Neither is there evidence showing at what price plaintiff had sold the cotton in question to parties in New Orleans for delivery within specified dates, which delivery, it is claimed, was prevented by default of defendant, nor the price at which he sold the same cotton after its late arrival in New Orleans. Arrowsmith v. Gordon, 3 La. Ann. 106.
There is therefore nothing indicating an actual loss upon the cotton itself, or deprivation of expected profits.
Plaintiff should have been nonsuited, instead of cast outright.
It is therefore ordered and decreed that the judgment appealed from be amended by making the same one of nonsuit, and, as thus amended, the same be affirmed; costs of appeal to be borne by defendant and appellee.