On Rehearing.
MONROE, J.
The petition for rehearing alleges, among other things:
“That this court goes no further (in the opinion handed down) than to say that it was the duty of the defendant to have bought this material in open market if it was practicable. But there is no evidence in the record to show that this was practicable, and an examination of the contract and detailed bill of lumber * * * will show that all of this lumber, except the flooring, was very heavy material.
“Petitioners aver that if as a matter of law they are not entitled to any excess of cost in the purchase of material, because they have purchased no lumber, yet under the very decree of the court petitioners must be entitled to the loss and expenses sustained during the time or delay necessary to get this material, and petitioners aver that it is reasonable, right, and proper to assume that defendants would have been delayed just as long in getting this material from other parties as the plaintiff delayed defendants, and therefore the expense while waiting on the delivery of the lumber proven by the record should be allowed; * * * _ that this expense was sustained in the continued employment of the engineer, brick foreman, carpenter, timekeeper, and watchman, making an item of $1,250, actually proven. Wherefore, petitioners pray that your honors will remand the case for the purpose of establishing whether or not it was practicable for the plaintiff to go into the open market and buy the material which the plaintiff should have furnished, or, in the alternative, that a rehearing be granted, and that the judgment of the lower court be amended by at least giving judgment for their actual expenses in the sum of $1,250, being the salaries of engineer, carpenter, brick foreman, timekeeper, and watchman during the delay waiting on this lumber.”
Where, as in this case, there is no charge of fraud or bad faith, the general rule is that the damages which may be recovered for the inexecution of a contract are those which were contemplated, or which may reasonably be supposed to have entered into the contemplation of the parties, when the contract was made; and in the case of a sale of personal property, in the absence of evidence showing that other and special damages wer§ contemplated, those which are presumed to have entered into the contemplation of the parties are represented by the difference between the contract price of the thing sold and the market value at the time and place at which it was to have been delivered, plus the expense incurred on account of the contract by the party not in default, and in some cases interest on the amount awarded. Vance v. Tourné & Beckwith, 13 La. 225; Arrowsmith v. Gordon, 3 La. Ann. 105; Porter v. Barrow, 3 La. Ann. 140; Marchesseau v. Chaffee et al., 4 La. Ann. 24; Gauthier v. Green, 14 La. Ann. 788; Pratt v. Craft, 20 La. Ann. 292; Camors & Co. v. Madden, 36 La. Ann. 426; Loeb v. Homer Compress & Mfg. Co., 111 La. 728, 35 South. 843; 35 Cyc. pp. 633, 634.
In the case now under consideration, the thing sold was lumber, of certain dimensions, and, as there are many sawmills in Louisiana and the surrounding country and many dealers in lumber, it must be presumed to have been within the contemplation of' the parties to the contract sued on that in the event of plaintiff’s default or delay in making deliveries, defendants would go into the market and buy such lumber as the contract called for, charging plaintiff with the difference between the price paid and that which had been agreed on, together with the extra expense, if any, to which they might thereby have been subjected, which presumption is confirmed by the statements contained in defendants’ letters to plaintiff, as follows:
Letter of April 15, 1905:
“ * * * And this is to notify you that, if the balance of said lumber is not delivered in ten days, we propose to go into the open mar *129 Ret and purchase same and charge said lumber to your account.”
Letter of April 19, 1905:
“We have notified you verbally that we could not accept the ten pieces of 12x16x16 on account of the delay in shipping same. We were obliged to purchase this material elsewhere, so as not to delay the work. We have just received the freight notice showing the arrival of the above timber and hereby notify you that w*e will not unload it, and same is at your disposal.”
Letter of May 19,1905:
“We are daily suffering demurrage penalty for our failure to' complete the building. Please advise us, immediately, if you can furnish this flooring, according to your contract, and, within what time, otherwise, we shall be compelled to go in the open market and buy same. We again notify you that we will hold you liable for all damages and extra cost to us in buying this flooring as well as all damages and extra expense that you have occasioned us by your failure to deliver your material according to contract and within the stipulated time.”
Instead, however, of seeking to recover the damages which may reasonably be supposed to have entered into their (plaintiff’s) contemplation in the making of the contract, defendants are here suing to recover damages which resulted from the going on with the construction of a large, three-story brick warehouse, without the girders, joists, posts, or flooring, which plaintiff was slow in delivering, and from their undertaking to put those parts in after the walls had been erected, thereby necessitating the putting up and subsequent removal d£ the most elaborate scaffolding in the interior of the building, the bracing of the walls probably from both sides, the doing of other temporary work, which had afterwards to be undone, and the doing of certain permanent work at an increased expense which would not have been incurred if they had gone into the market and bought the lumber needed to replace that which plaintiff failed to furnish at the proper time. It is neither alleged nor shown that such lumber could not have been obtained; on the contrary, from the letters which have been quoted, it would appear that it could have been obtained, and in one instance was obtained, but we are not informed what the cost was in that instance or what it would have been in any other instance, nor yet how long it took, or would have taken, defendants to supply the particular pieces mentioned in their letters, or any other pieces, that were not delivered by plaintiff according to contract.
Inasmuch, therefore, as defendants have not pitched their claim in reconvention upon a basis upon which they would be entitled to recover and have adduced no evidence to establish it on that basis, it is plain that there can-be no recovery. Nor. do we see our way to the remanding of the case, since the trouble lies, not only in the want of proof, but in the claim itself, as asserted in the petition in reconvention.
It is therefore ordered that the decree heretofore handed down be now reinstated and made the final judgment of this court.