LOTTINGER, Judge.
This is a petitory action wherein the plaintiff seeks to he declared the owner of a tract of land situated in the Parish of Washington and described as Lot 3 of Section 14, Township 1 South, Range 10 East, St. Helena Meridian, containing 17.36 acres. The plaintiff’s alleged title is based on an acquisition from one J. C. Rimes under date of October 14, 1950, recorded in the Conveyance Records of Washington Parish in Conveyance Book 122 at page 564.
After filing exceptions of no right or cause of action, which were overruled, the defendant answered alleging that she was the widow in community of Latimore Biclc-ham and in possession of the subject property under a deed from J. C. Rimes dated July 25, 1936. The answer goes on to allege that while this deed describes only Lot 5 of Section 31, Township 1 South, Range 11 East, containing 15.60 acres, that same was erroneous in that it was intended by all parties that the subject property be conveyed thereby. The answer further sets out that J. C. Rimes owned no other property in Washington Parish and that same had been in her and her husband’s possession since their acquisition until his death and in her possession since his death and until the present. The answer further sets forth pleas of acquisitive prescription and sought, under the Third Party Practice Act, LSA-R.S. 13:3381 et seq., to have J. C. Rimes, a non-resident of Tylertown, Mississippi, called as warrantor through a curator ad hoc. The prayer is for reformation of her deed and damages alleged to have been occasioned by the recordation of plaintiff’s deed.
An attorney at law appointed to represent the absentee Rimes filed an exception to jurisdiction rationae personae, which was sustained by the lower court. The case was duly tried and judgment rendered in favor of the plaintiff from which judgment the defendant prosecutes this appeal.
There are no facts in controversy. The record shows that defendant and her husband went into possession immediately following the execution of the 1936 deed *303 and that defendant was still living on the property when the suit was tried. The record further shows that plaintiff lived •on an adjoining tract, had known the defendant for many, many years and, of course, knew of her possession of the subject property. Be all that as it may, however, the fact remains that J. C. Rimes was the record owner of the property when the plaintiff acquired same in 1950 and, under the well-established jurisprudence of this state, he must be protected. See the recent case of Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481, at page 484, wherein the Supreme Court held:
“ * * * Ever since the landmark decision of McDuffie v. Walker, 125 La. 152, 51 So. 100, it has been the settled public policy, which is founded upon the articles of our Civil Code, that a party dealing with immovable property need look only to the public records and, if such records do not show the recordation of any adverse claim sufficient to put such third party on notice, he obtains a good title notwithstanding that he had personal knowledge of defects therein. Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 255; Humphreys v. Royal, 215 La. 567, 41 So.2d 220 and see, also, Thompson v. Thompson, 211 La. 468, 30 So.2d 321.”
In his brief before this Court (as well as in the Court below) counsel for defendant contends that the plaintiff is attempting to acquire title to real estate by committing a fraudulent act. There are, however, no allegations of fraud in the petition nor proof of same in the record, and, it has been held that “knowledge by itself is not a badge of fraud.” See Crear v. Sowler, 2 La.Ann. 958, quoted in McDuffie v. Walker, 125 La. 151, 51 So. 100.
Defendant further contends that as plaintiff’s alleged acquisition was by quitclaim only the interest or estate of which the grantor was seized or possessed was conveyed, rather than the property itself. Cited in support of this argument is the case of Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225, 230. That very decision, however, held as follows :
“On the other hand, the title to real property may be as effectually transferred by quitclaim as by any other form of conveyance.”
The pleas of prescription are without merit. Thirty years prescription is unavailing to defendant as the property was not possessed by her and/or her husband for that length of time. Ten years prescription likewise cannot be maintained for the defendant’s deed was not transla-tive of title to the land in dispute.
The judgment appealed from is correct and is, therefore, affirmed.
Judgment affirmed.