Hon. CHARLES E. FENNER,

### No. 9319.

### PAUL DOULLUT vs. HUGH McMANUS.

Vagueness, want of precision, or generality in the averments of a petition, should be taken advantage of by exception before issue joined, unless the opposite party has not therefrom had sufficient notice of the nature of the demand and would be truly surprised. The object of pleading is to notify the adverse party, so that he may be prepared to rebut. He cannot, for the lack of more explicit pleadings, be permitted to exclude pertinent evidence of whose existence and intended introduction he was previously aware.

It is also to serve as record evidence to bar future investigation of same matters between same parties.

A petition for slander which contains a clear statement of the time, place and circumstances, when, where and in what manner the defendant acted, and which sets forth want of probable cause, malice and injury, and a specific money claim, discloses a cause of action.

If, in order to prepare himself, the defendant wishes more explicit allegations, he must require the same by exception filed *before* issue joined. Failing to do so then and in that mode, he cannot object at the trial to the introduction of evidence in support.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe.*

*Sambola & Ducros* for Plaintiff and Appellant:

1. A petition for slander needs only contain a concise statement of the cause of action, with circumstances of time and place, and with a claim for damages stated in a round sum. C. P. 172; 4 N. S. 280; 3 L. 290; 3 Ann. 70; 23 Ann. 280.

Doullut vs. McManus.

2. Any nullity or informality, such as vagueness, want of precision or generality of the averments of the petition can be taken advantage of only by a peremptory exception filed before an answer to the merits. C. P. 343, 344; 1 R. 190; 4 Ann. 537; 10 Ann. 528.

*Walter H. Rogers* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C, J.　This is an action in damages.

The plaintiff charges that, on April 1, 1884, in this city, at No. 11 North Front street, the defendant did then and there publicly, *falsely* and *maliciously* slander, defame and abuse him, calling him a thief, a fraud, a son of a bitch, a liar, a puppy, using other abusive and defamatory language in the presence and hearing of many other persons; that this conduct of defendant was unprovoked and unjustifiable, and that he, plaintiff, was thereby injured in his feelings and reputation, standing and business, in over five thousand dollars, which he is entitled to recover as real and vindictive damages; which $5000 he claims.

The defendant filed no exception, but pleaded the general issue.

On the day of trial, when plaintiff offered evidence in support of his averments, counsel for defendant objected on the ground that the allegations disclosed no cause of action for the damages claimed; that no allegation of charges, actionable in themselves, had been made, and that no specific damages have been set forth and detailed under which plaintiff could recover.

The court ruled that the objection, as far as it goes to the want of specification of the damage arising from different causes being combined together, are too general properly to put defendant on his guard or to justify the admission of evidence in support.

From a judgment of *non suit,* plaintiff appeals.

The objections to the admissibility of the evidence are twofold : 1st. No cause of action. 2d. No specification of damages said to have been sustained.

The appellee contends that the exclusion of the evidence is justified on those two grounds.

### I.

The objection that the petition discloses no cause of action is simply that the averments, if proved, would not warrant the judgment sought.

The petition contains a clear statement of the time, place and circumstances of the occurrence. It specifies the words used. It charges malice, want of provocation, and absence of all justification. It values the damages, real and vindictive, at a round sum, and prays for corresponding relief.

It is clearly sufficient to place the defendant in possession of the nature of the facts proposed to be proved and to enable him to prepare his defense.

It is manifest that, if on the trial, the plaintiff supports his allegations by legal proof, he will be entitled to a judgment. C. P. 172; 4 N. S. 280; 3 L. 290; 3 Ann. 70; 23 Ann. 280; 3 L. 207; 2 R. 365; 5 R. 116; 8 R. 51; 16 L. 389.

II.

The objection that the claim for specific damages has not been set forth and detailed under which plaintiff can recover, is likewise unfounded. That omission could not justify the exclusion of the evidence.

It is well settled that vagueness, want of precision, or generality in the averments of a petition, should be taken advantage of by exception, which should be filed *in limine* before answer to the merits, unless the opposite party had therefrom no sufficient notice of the nature of the demand and would be surprised.

The object of pleading is to notify the adverse party so that he may be prepared to rebut. He cannot, for the lack of more explicit pleadings, exclude pertinent evidence, of whose existence and intended introduction he was previously aware.

It is also to serve as record evidence of matters once decided, so as to bar their future investigation. 6 M. 649; 4 N. S. 277; 7 N. S. 354; 17 L. 238; 5 Ann. 531, 673; 9 Ann. 119, 254; 10 Ann. 528; 12 Ann. 795; 23 Ann. 676.

The rule is different in cases of irrelevant or impertinent averments. The defendant there may either except, in order to have them stricken out, that he may know precisely what he may have to rebut on the trial; or he may wait till the plaintiff offers evidence, and then object. But this rule does not extend to cases of lack of more explicit pleadings, where sufficient averments are made to put defendant on his guard and to justify a judgment on legal proof. 20 Ann. 193; 21 Ann. 273.

It is clear, in the instant case, that the defendant was sufficiently informed of the essential facts on which plaintiff relies to claim damages from him. He could plead surprise to no pertinent fact proved to establish the averments of the petition.

It is likewise positive that a final judgment rendered on the *merits* of this controversy, in favor of either of the litigants, will constitute *res judicata* to any new suit brought on averments similar to those contained in the petition.

Corral & Co. vs. Towboat Company.

Had the defendant deemed it necessary, in order to prepare his defense, to demand a specification of the various items on which plaintiff bases his claim for real and vindictive damages, he ought to have filed before issue joined an exception requiring the same to be set forth and detailed with minuteness.

We conclude that the plaintiff is entitled to be allowed to introduce legal evidence in support of his allegations.

It is therefore ordered and decreed that the judgment appealed from be reversed, and that this case be remanded to the lower court for further proceedings according to law, the appellee to pay costs of appeal; those of the lower court to abide the final determination of the suit.