No. 12,733.

SUCCESSION OF MANUEL FERNANDEZ AND MRS. MARIA MATEA DE LA ROSA, WIDOW OF MANUEL FERNANDEZ—CONSOLIDATED.

The administrator of the wife's separate estate is without authority to have community property sold, particularly as it does not appear that it was for the purpose of paying debts of the community.

The settlement of the wife's estate (different from the husband's) does not involve a settlement of the community; and therefore the executor of her estate is without warrant for assuming control of property held in community.

The heirs had not been notified, and do not appear to have consented to the sale of the community interest inherited by them from their father's estate.

APPEAL from the Civil District Court for the Parish of Orleans.
· *Théard, J.*

*James B. Rosser, Jr.,* and *Mark R. Newhauser* for Dative Testamentary Executor, Appellee.

*Frank Zengel* for Mrs. Widow Antoinette Janvry, Defendant in Rule, Appellant.

Argued and submitted March 25, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

BREAUX, J.   This was an appeal from a judgment rendered to compel Mrs. Antoinette Janvry to accept title of property adjudicated to her.

The defendant in rule admits that she became the adjudicatee of the property, but she refuses to take the title tendered: because it is not a legal title.

The objection to the title is grounded on the fact that the property described in the application for the sale was owned, as to one-half, by Widow Maria Matea de la Rosa, and the other half by the succession of her predeceased husband, Manuel Fernandez.   He (the husband) died in 1876.

His succession was opened the same year, in the late Second District Court.   His widow became the executrix of his testament, and had an inventory taken.

She remained in possession of this property; it was community property.

She died in 1896, intestate.   Her succession was opened for settlement.

Subsequently, the successions were consolidated under an order of court.

The heirs of the two successions are the same.   In the petition to sell the property, the testamentary executor of the estate of Mrs.

Maria M. de la Rosa alleged that in order to execute the provisions and bequests of her last will, it was necessary to sell the real estate belonging to the estates of Mrs. Maria Matea de la Rosa, and the property of the late Manuel Fernandez.

The property, was not sold to pay debts. The heirs of the late Manuel Fernandez are not before the court and were not cited.

From a judgment condemning the adjudicatee to accept the title tendered, the defendant in rule prosecutes this appeal. It is clear in our view that the consolidation of the estates did not have the effect of vesting the executor as relates to the sale of the property with greater rights than he would have had without the consolidation.

The succession of the husband, we have seen, had been opened many years prior to the death of the wife.

It was said at bar, in argument, that she was the usufructuary of the community. At her death the usufruct came to an end. For the purpose of the sale of the property and the settlement of the succession, it, the usufruct or possession of the late Widow Fernandez, did not any more vest the executor with seizin than did the order consolidating the two estates. The heirs became the complete owners of one-half of the property. The executor of the succession of the wife was without authority to divest them of their right as owners of the property inherited by them from their father, who had died many years prior to their mother's death.

The succession of the father was separate from the succession of the mother. The executor of the latter was not by his letters of executorship entrusted with any other settlement than that of Mrs. Fernandez. The question of representation (*ex necessitate rei*) does not arise. The succession of the husband can be, and should be, settled as a succession of itself. There is no necessity for a joint settlement through the agency of the executor of the wife's estate.

It would be different if the executor represented the husband's estate; the husband is the head and the master of the community.

He has administration of its property, and controls its revenues.

The wife, only has a residuary interest at the dissolution of the community. She owns no particular property of the community until payment of the debts. She may, if she chooses, at its dissolution, renounce it entirely. It is different with the administration, of the husband's succession. His estate is bound for the debts contracted while he was master of the community.

The community is a part of the mass of his succession. Lawson vs. Ripley, 17 La. 249.

The court said in Succession of McLean, 12 An. 224:

"It is thus evident that the administration of the succession of the deceased husband involves with it the administration of the community."

It is in our view clear that executors, administrators and the creditors of the community, who may represent creditors, have an interest in looking to the payment of debts of the community. But the succession of the wife is not involved as in case of the succession of the husband with the administration of the community in which she had no interest as an owner until the debts are all paid.

It is manifest that the administration of the husband's succession involves the administration of the community. Durham vs. William, Tutor, 32 An. 962. This view was affirmed in Berthelot vs. Fitch, 45 An. 391. A similar view was expressed in Succession of Lamm, 40 An. 312, in a carefully prepared opinion.

This rule on the other hand does not recognize that the executors and administrators of the wife's succession have the same authority.

It has been clearly decided that the settlement of the wife's succession does not involve the settlement of the community. The matter received, as relates to the latter only, the most careful consideration of this court in Verrier vs. Sheriff, 48 An. 724. The following is an excerpt from the opinion: "This administration involves the right of the wife's succession representative to take any and all necessary proceedings against the surviving husband for the collection of any indebtedness of a community to her separate estate; but it does not confer upon him the power to make sale of property of the community for that purpose in her succession."

The power which this court decided did not exist, in the case from which we here just quoted, is the power which the plaintiff in rule here seeks to have recognized.

In Hewes vs. Baxter, 46 An. 1284, we held that the community property did not at its dissolution enter into the possession of the executor of the wife's succession.

Precedents sustain the position that the settlement of the husband's succession involves the settlement of the community; and that the executor, or the administrator of his estate for the purpose of this settlement represents the community.

But precedent does not sustain the position that the settlement of the wife's succession involves the settlement of the community.

The decisions as relates to the latter case are clear enough and leave no ground for question.

The differences as set forth in the decisions upon the subject is owing to the fact that the interest and responsibility of the husband, as head of the community, is greater in some respects than the wife's, and in consequence when it is dissolved by death the authority of the executor to represent the succession of the husband is recognized as greater, and as having broader scope than the authority of the executor of the wife's estate as relates to the community.

The affirmance of the judgment appealed from would give no title to the property.

The heirs not being represented, and not being in any respect parties, would remain unaffected by our decree.

It is therefore ordered, adjudged and decreed that the judgment appealed from is reversed, annulled and avoided; that plaintiff's rule be dismissed.