## No. 12,802.

### BICKHAM & SON VS. W. P. HUTCHINSON AND C. H. BAILEY.

*On Motion to Dismiss.*—There were substantially two decrees and in consequence, properly, two appeal bonds were furnished, instead of one.

Nothing in the law required the appellants to join in one bond of appeal.

The erroneous substitution of "or" to "and" in the condition of the bond was not cause to dismiss. There was a substantial compliance with the forms required.

*On the Merits.*—The item of damages set forth may be covered by one amount alleged.

A gross sum may be claimed embracing each item. Hernsheim vs. Levy, 32 An. 340.

The writ of attachment had been dissolved, and the only question remaining for decision was the amount of damages claimed in reconvention by defendants in attachment.

The court considered the question of actual, pecuniary loss, and the different causes constituting damages, and all injury to business and credit.

In view of the limited business of the defendants and their failure to do anything toward minimizing damages, that they might in part have minimized, the court materially reduced the amount of damages allowed each defendant.

APPEAL from the Sixteenth Judicial District Court for the Parish of Tangipahoa. *Reid, J.*

*P. B. Carter, Ellis & Ellis, Clay Elliott* for Plaintiffs, Appellants.

*B. M. Miller* and *W. B. Kemp* for Defendants, Appellants.

Argued and submitted May 4, 1898.
Opinion handed down May 16, 1898.
Rehearing refused June 28, 1898.

The opinion of the court was delivered by

BREAUX, J. This was a suit for damages growing out of a writ of attachment obtained by plaintiffs on the allegation that the defendants had mortgaged, assigned or disposed of, or were about to mortgage, assign or dispose of their property, rights and credits with intent to defraud their creditors.

Defendant's motion to dissolve the attachment was sustained by the District Court.

On appeal to the Circuit Court of Appeals, the judgment was affirmed.

The case was tried on its merits after the attachment had been dissolved, and judgment was rendered *in solido* in favor of the plaintiffs and against the defendants for the sum of four hundred and eighty dollars, with interest.

On the reconvention of one of the defendants, W. P. Hutchinson, he recovered judgment for damages against plaintiffs in the sum of two thousand seven hundred and fifty dollars, with interest.

On the reconventional demand of the other defendant, C. H. Bailey, he recovered judgment for damages against plaintiffs in the sum of twelve hundred dollars, with interest.

Plaintiffs appealed.

The appellees moved this court to dismiss the appeal and urge in support of their motion, that the amount of the appeal bond does not exceed by one-half the amount of the judgment rendered against the appellants and besides that the appeal bond does not contain the condition that the appellant shall prosecute his appeal.

Plaintiffs have furnished two bonds, one in favor of W. P. Hutchinson for the sum of four thousand one hundred and twenty-five dollars, and the other in favor of C. H. Bailey, the other appellee, for the sum of one thousand eight hundred and seventy-five dollars.

The conditions of each bond were that the " appellants shall prosecute their said appeal with effect, *or* shall pay and perform such judgment that may be rendered against them."

With reference to the amount of the bond, it is true that only one judgment was rendered in the suit, but it decreed the amount each defendant was entitled to in the opinion of the court *a qua*. The defendants had severed in their defence, each claiming an amount part of which was allowed. There was nothing informal in executing two bonds. There was in favor of each defendant a bond for an amount exceeding by one-half the amount for which the decree was rendered in his favor.

The requirement of Art. 57, C. P., was met by giving two bonds. One appeal bond for the two amounts would not have been greater security.

Now with reference to the conditions of the bond. The erroneous substitution of " or " to " and " is not, in our judgment an error fatal to the appeal. It may be that the words " or " and " and " are not, strictly speaking, interchangeable, and yet in construing statutory enactments even in criminal cases they are sometimes used as convertible words. We will not stop to consider at length the differ-

ence or similarity in meaning of these words.  We are satisfied that the mere substitution of the word " or " in the condition of a bond under the jurisprudence of this court regarding the forms of bonds should be adjudged to have the effect for which plaintiffs contend.

In mattor of appeal bonds this court has adopted a liberal construction in order that principals and securities may be held bound as intended when the bonds were executed.  That construction we are justifiable, we think, in following.  Sedgwlck on the Construction of Statutory Law, p. 371; Sutherland on the Construction of Statutory Law, p. 331.

The motion to dismiss the appeal is denied.

## ON THE MERITS.

The admissibility *vel non* of testimony offered by defendants to prove damages in support of their reconventional demand presents the first question for decision.

Plaintiffs objected to all of defendants' testimony on the ground that their answer and demand in reconvention were too vague and general, in that a specified amount is not demanded for each item of damage to admit proof.  The court overruled the exception.

We have reason to consider it the better practice to itemize the damages, but it is not always adhered to.  This court has in repeated adjudications sanctioned pleading in suits for damages in which specific and separate amounts were not claimed for each particular and definite damages.  In accordance with these decisions, in our view, it was permissible for the defendants to prove loss of credit and other injuries to their business, amounting they allege to a gross sum, covering each item of damages complained of.

This was the view clearly expressed in Hernsheim vs. Levy, 32 An. 340.  It has since been adhered to in other decisions.  Western Assurance Co. vs. Uhlhorn, 41 An. 385; Barthe vs. New Orleans, 42 An. 43; Randell vs. Railroad Co., 45 An. 778; Warner vs. Clark & Co., 45 An. 863; Lester vs. Corley, 45 An. 1006; Goldberg vs. Dobberton, 46 An. 1303; Armstrong vs. Railroad Co., 46 An. 1448.

We are not inclined to a change in a matter of pleading as well settled as this is.

### DAMAGES.

There were no grounds for the attachment.  This was settled by the decision of the court to which we have already alluded. · The

nature and extent of the damages give rise to the questions for our determination.

Plaintiffs were actuated by a desire (excessive it may have been) to collect the amount due them by defendants and reconvenors. But we have not discovered, after an attentive consideration of the evidence, that they were prompted by a desire to injure the defendants.

They were greatly disappointed, more than the occasion warranted, by their failure to collect a draft for four hundred and eighty dollars, which they had accepted from one of the defendants, endorsed by the other. Plaintiffs were not ordinarily prudent. They were careless in resorting to the harsh remedy of attachment in view of the facts, or they were too eager to collect the amount due them. One of the defendants was a successful business man; both conducted their business without having given occasion, reasonably, to any one to suspect them of fraud, in the management of their commercial affairs, with the view of defeating creditors of their claims. It is true that one of these defendants was in embarrassed circumstances, and that a writ of attachment had been sued out against him. This was not cause in itself for suing out another writ of attachment, though it may be reason sufficient to lessen the amount of damages he claims.

This fact did not give grounds sufficient for attaching the other who was prosperous enough, and had only failed to properly exert himself to have his paper honored at maturity. This may have been worthy of blame, but not a cause for suing out a writ of attachment.

The attachment here may well be designated as one which issued without cause. It is, to some extent at least, within the reach of the principles of Byrne vs. Gardner, 33 An. 6; McDaniel vs. Gardner, 34 An. 341, and other cases in *pari materiæ* where writs of attachment were issued.

Looking to the results, as testified to by the witnesses, it may be that the business credit of one of the defendants was injured to a small extent, although there is conflicting testimony on the point; as to the other we did not discover that he had any great degree of credit to be injured.

While we do not think that the grounds were sufficient to warrant a suit for attachment, we can not overlook the fact that the defendants made no attempt to minimize the damages. They allowed the

attachment to remain undissolved some ten days and made no attempt to dissolve on bond.

The District Court was in session and a motion to dissolve was heard and granted in that time. It appears that both defendants here could have executed required bonds to dissolve had they chosen so to do. It is true one is not bound to furnish bond to dissolve an attachment. But it affords a reason in our judgment to base the decree as relates to the amount *only* upon abundant proof. In selecting as relates to bonding, to let their property remain *in gremio legis*, they, to some extent, at least, infringed upon the rule which requires that the one injured should reasonably seek to minimize the damages.

### THE AMOUNT OF DAMAGES.

Plaintiffs are none the less liable to an amount in damages. The fact of itself that the attachment was dissolved as having been issued without sufficient cause, must be held as having the effect of establishing their claim to some damages.

Part of the damages claimed are speculative, and are not, besides, supported by sufficient evidence. There is no proof, other than general assertions, of the daily gross revenues. They might have been large during the attachment, or small, even less than expenses. It is enough to say that with the evidence before us they can not be ascertained with certainty. It is fair to presume, from the evidence before us, that defendant would have realized some profit, not as much, however, as some of their witnesses seem to think. We have also considered the injury to credit charged, and other items of damages set up. Taking them and deciding them as a whole as pleaded, we conclude that three hundred dollars is an amount sufficient to one of the defendants, and one hundred dollars to the other.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be, and it is hereby amended, by reducing the amount of the judgment in favor of W. P. Hutchinson, from two thousand seven hundred and fifty dollars to three hundred dollars, and by reducing the amount of the judgment in favor of C. H. Bailey, from one thousand two hundred and fifty dollars to one hundred dollars.

As amended, the amount of the judgment rendered upon the demand in reconvention is affirmed.

In every other respect the judgment is affirmed at appellee's costs.