## No. 13,125.

### THE NEW IBERIA TELEPHONE EXCHANGE VS. THE CUMBERLAND TELE-
### GRAPH AND TELEPHONE CO.

#### SYLLABUS.

##### ON MOTION TO DISMISS.

1. ORDER OF APPEAL.—While in an order of appeal it should be made to appear
   to which court the appeal is returnable, the oversight may be cured by the
   recital of the bond of appeal and by other proceedings.

2. NOTICE OF APPEAL.—A notice of an appeal made returnable on the first day
   of the term is not violated by the insertion by the clerk of court, in addition,
   of an erroneous date.

3. JURISDICTION.—The property involved, as made evident by the evidence, un-
   contradicted, was more than $2,000 in value.

New Iberia Telephone Exchange vs. Cumberland Telegraph & Telephone Co.

ON THE MERITS.

1.  EVIDENCE.—One claiming damages should, when called upon for proof of the different items, sustain each with sufficient proof, and not rest on the idea that he may recover a round sum without proof of the different items going to make up the round sum.
2.  PLAINTIFF'S AGENT CONCLUDED BY HIS UTTERANCE.—The agent of plaintiff having expressed himself as satisfied and that after having complained of wrongs done him and repairs made or attempted, the court concluded that there were no grounds upon which to base a judgment for damages.

ON APPEAL from the Twenty-Fourth Judicial District Court for the Parish of St. Mary.  *Allen, J.*

*Milling & Sanders* for Plaintiff and Appellant.

*Charles A. O'Niell* for Defendant and Appellee.

Argued and submitted April 17, 1899.
Opinion handed down May 1, 1899.

ON MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

BREAUX, J.  Defendant filed a motion to dismiss the appeal on the ground that the order of appeal was defective, for the reason that it did not designate to which court it was taken and the return day of the appeal; and on the further ground that the Supreme Court is without jurisdiction *ratione materiae.*

The record shows that on account of plaintiff's counsel the appeal was made returnable "to the proper court, according to law."

Two days after the appeal had been granted, plaintiff filed a bond of appeal, reciting in the bond that it had obtained an order of appeal from the judgment, which had been made returnable to this court.

In our view, this order is scarcely the order required under the statute.  We think, in such orders, it should be made to appear to which court the appeal is returnable, whether to the Circuit Court or to the Supreme Court, otherwise the appellee might have just ground to complain.

We do not, however, dismiss the appeal on this ground, as the appeal bond was filed almost immediately after the order of appeal had been granted as before stated.

We will not dismiss this appeal, as the bond and a notice of appeal cure the defect. The ruling, we must say, applies only to the state of facts here.

As relates to the notice of appeal, the second ground urged to dismiss the appeal, and the mistake made as to date, it appears that notice was given to the appellee to appear before this court at its next regular return day. A date was superadded, which was erroneous; it was, however, mere surplusage; it was not misleading; besides, it was the error of the clerk of the court, and not an error which should prejudice plaintiff's right of appeal, as he had nothing to do with the error.

This brings us to the question of jurisdiction *ratione materiae* raised by the appellee. Its contention is that the petition prays only for five hundred dollars damages, and, therefore, the case does not come within the jurisdiction of this court.

We have analyzed the petition as relates to this ground urged for dismissal. Plaintiff alleged that it is the owner, and in possession of various telephone exchanges and is lessee of the Teche and Vermillion telephone line running through the parishes of Iberia, Vermillion, Lafayette, and St. Mary; that the plaintiff corporation has an exchange in the town of Franklin, connected by wire with its other exchanges; that there is another company, known as the Cumberland Telegraph and Telephone Company; that it has been reconstructing its wires in the town of Franklin; and that its agents have maliciously and wantonly, against the protest of plaintiff, pulled and dragged the wires belonging to the defendant company, over plaintiff's telephone wires, injuring, breaking down and crossing them, making it impossible for its patrons and customers to get connection with the central station and possessories; that these agents have cut guy wires which support the poles of plaintiff; that defendant in thus crossing plaintiff's wires has caused plaintiff great damage, resulting in causing its customers and patrons to be displeased with the telephone system; that in many cases, they refused to pay their rent, in consequence that the act of defendant will cause it to lose many of its customers; that it has caused great annoyance, trouble and expense; that these illegal acts have caused damages already to the sum of $500.00; and that if defendant is not restrained, it will result in the loss of all plaintiff's customers and the entire destruction of its telephone system in the parish of St. Mary.

Plaintiff having alleged that the trespass and injury complained of upon its telephone lines and exchange would result in the total loss if the injunction did not issue, and having shown, by evidence of one of its witnesses, that this telephone exchange is worth $3000.00, we think that the court has jurisdiction.

The motion to dismiss the appeal is, therefore, denied.

### On the Merits.

The facts are that the suit was brought to recover damages and to have an injunction made perpetual to prohibit the injuries complained of.

Defendant filed an answer, pleading the general denial and specially averred that one of its agents clipped a guy wire as a matter of necessity, in order to pass their own wires; that before clipping the wire they connected the space with one equally as strong as that which they had clipped. They made other allegations in their defense, going to deny the charges made by plaintiff against them.

The evidence discloses that in some places in the town of Franklin, plaintiff's wires are suspended on poles immediately above those of defendant's. Plaintiff obtained a franchise from the town and defendant also held its right from the town.

Plaintiff, in so far as the evidence discloses, is not injured by the fact that defendant's line in some places is strung above its own. It complains of the manner the re-stringing was done. These respective rights are not in dispute. Plaintiff complains of the manner in which the defendant undertook to reconstruct and restring its lines.

It appears that in rebuilding telephone lines, frequently the wires are thrown over the wires of other lines and afterward they are drawn up and made tight. This usually is not objected to. On this occasion plaintiff particularly complains of the length of time the line remained loose and touching its own, and thereby interrupted telephonic communication on its lines.

There is evidence going to show that even prior to the days that defendant was engaged with its employees in reconstructing and restringing its lines, customers made complaints similar to those which were made when the defendant's lines were being restrung.

The guy wire was clipped, as admitted by defendant. There may have been some delay in replacing this wire.

65

Plaintiff, in the course of the trial, objected to evidence going to show that the defendant did not cross the wire of the plaintiff and to evidence tending to prove that the telephone system of plaintiff did not work well, or was not satisfactory prior to the construction of the wires by the defendant. For the reason that the defendant company admits having crossed the wires of the plaintiff, it pleads adjustment or settlement of the differences, which buries the general issues and the other pleas of care not to injure plaintiff.

The objection was overruled by the court.

The employee, Giles, who had charge of the repairs of the lines and instruments of plaintiff, swears: That his or plaintiff's exchange is going on the same as before, and that it is considered permissible in telephone, telegraph and electric light business to throw wires over the wires of other lines. This witness also about the time of the crossing of wires and the cutting of a guy wire, held conversation with an agent of defendant, in which the latter claimed that he (plaintiff's agent) only complained of the cutting of the guy wire, and that upon his assurance that this would be repaired, the witness declared that he had no further cause of complaint.

The District Court held that there was no proof that the telephone wires of the plaintiff company have either been injured or broken, and, in consequence, it rendered a judgment rejecting plaintiff's demand.

Plaintiff's agent claims a round sum of five hundred dollars as damages. Upon examination we did not find that the items of damages were proven. While damages may be alleged *in globo,* yet when proof of the different items making up the total is called for from those who testify regarding the round sum claimed, it would be reasonable for them to furnish statements of items and to give needful details, in order that it may be determined with reasonable certainty just how much should be allowed as damages.

Unquestionably, one claiming damages should prove the different items making up the total claimed. It will not suffice to say that one has lost time and paid expenses because of the acts of which he complains. He should give needful details when called upon, as a witness, to give them.

When the agent of plaintiff was requested to state, as a witness, how much he had spent in traveling from place to place because of the acts of defendant of which he complained, his answer was that he kept no account of it, and that as a matter of fact he didn't know how much

.that item of damages would amount to. The testimony of this witness was equally as indefinite in many other respects.

We have given attention to plaintiff's contention that defendant having pleaded justification, must be held to that plea, and, in consequence, to have waived his general denial.

It is quite true, as contended by plaintiff, that the general issue is waived by special plea. We are not convinced that the plea here is special to the extent that defendant abandoned all rights under the general issue. Be that as it may, even in case of a downright waiver of the general denial growing out of the fact that a defendant has interposed a special plea, he is not thereby precluded from showing in defense and in endeavoring to meet the issues pressed against him, that the damages adjusted were not as great as claimed, the court's ruling, permitting the defendant to make that proof was not, in our view, erroneous.

Should we grant all that plaintiff claims in regard to defendant's admissions and limit the latter's defense to a question of adjustment and settlement vel non, we are greatly inclined to the opinion that the weight of the testimony is with the defendant, and that he has satisfactorily established that defense.

From the time that plaintiff's agent, who was present and saw the progress of defendant's work, expressed himself satisfied that no particular harm was done to plaintiff, we think that his claim for damages, not made evident by the testimony at best, was at an end.

Parties must be held to their acknowledgements unless made in error. There was no error shown, nor does it appear that plaintiff's agent was not aware of the facts when he, in substance, declared that he was satisfied and that no damages had been committed of which he should complain. The judge of the District Court saw and heard the witnesses and came to the conclusion that plaintiff had no right to the amount claimed, or to a permanent injunction. We have not found error in his conclusion, and must, in consequence, affirm his judgment.

The court, plaintiff urged, having not only dismissed its suit, but rejected its demand; if the judgment became res judicata, then the right of plaintiff to sue out an injunction against the defendant to prevent it from trespassing upon and interfering with its telephone system will be lost.

We are constrained to differ from counsel in this particular.

The effect of the decision will not be so far-reaching as the decree covers only those acts of which plaintiff complained.

We do not think that the facts of the case would warrant us in changing the decree to one as in case of non-suit.

For reasons assigned the judgment appealed from is affirmed.