On Rehearing.
Blanchard, J.
A reconsideration of this ease has led to a conclusion different from that first announced.
*1730 The judgment of the District Court rejecting- plaintiffs’ demand for damages should not be sustained, but reversed.
Plaintiffs, who are aliens and subjects of the Emporer of China, owned and operated a¡ shrimp-fishing, dirying- and packing establishment on tide water in Louisiana.
Defendant, claiming- ownership, caused a writ of sequestration to issue and under the same the establishment was seized and detained under seizure for ten days.
The suit in which the seizure was effected was not brought against plaintiffs nor against any member of plaintiff’s firm.
It was instituted against a person styled Ah Cun, who, it was alleged, with five or six men in his employ, was trespassing upon the property of the plaintiff (defendant herein).
It was quite likely that the suit was meant to be against the persons who composed the plaintiff company, for it .does not appear that there was any Chinaman about there who rejoiced in the cognomen of “Ah Cun.” The court appreciates the difficulty of arriving at a correct understanding, pronunciation and orthography of the names and surnames of the Celestials who come to America.
But that does not matter. Whether in suing Mr. A. Cun, the plaintiff in that proceeding (defendant here) intended the process to be against one of the members of the present plaintiff company makes no difference. He was equally without right to the harsh remedy he invoked even though the process had been directed against the parties in possession under their proper names.
This is so because defendant himself had no sufficient title as owner to the property, or any part of it. •
He may have thought he had title and, thus, proceeded without malice and upon probable cause. But this can go only to the mitigation 'of damages.
The basis of his claim of ownership Was an act of sale from one Louis A. Desgouttes and one Sam Lee to him of the property in question. He does not seem to have put himself upon sufficient inquiry as to whether or not his vendors had any title to convey, or if they had, whether they could convey in the manner attempted.
Following his purchase he sent his agent out to take possession. This agent found the members of plaintiff- company in possession. *1731 They resisted his demand and the suit against Ah Cun followed, with a seizure and dispossession of those who are now plaintiffs.
The latter — by name Wong Goon, Eung Lum, Wong Bing ITong and Wong Chong — appeared in the cause by way of interpleader and exception and averred that they constituted the Tun Loy Company, that their property had been unlawfully seized, that Ah Cun was to them a person unknown, etc. They prayed that the plaintiff in that cause be ordered to show cause on a day named why the writ of sequestration should not be set aside and the suit dismissed. The rule issued fixing a day for the hearing.
On that day the plaintiff (Rosser) appeared and discontinued his suit. This had the effect, of course, of releasing the seizure.
A few days later the same plaintiff filed a suit entitled James B. Rosser, Jr., vs. Wong Goon, et als. In this he averred he was the owner of an undivided half of the same property the whole of which he had sued for in the case against Ah Cun.
He alleged Wong Goon and Wong Bing Hong to be the. owners of the other undivided half, that they werq hostile to him and his interests, that he desired a partition of the common property, that it was not susceptible of division in kind, etc.
He prayed for partition by licitation, for an accounting from his co-owners, for judgment for his share of the profits'of the business, and judicial sequestration of the property.
The judge did not issue the order for the judicial sequestration, but ordered defendants to show cause why it should not issue.
The order was never granted, and upon issue joined, the parties went to trial ¡upon the merits, with the result'that there was judgment in favor of defendants. No appeal was taken.
Later, Louis Desgouttes and Sam Lee, who had sold the property to Rosser, brought suit in the Civil District Court of Orleans Parish, against Wong Goon and Wong Bing Hong, alleging that they (plaintiffs) and the parties named composed the Tun Loy Company and that it was desirable there should be a dissolution and liquidation of the company and settlement between the partners. They prayed accordingly, and for the sequestration of the property and appointment of liquidator.
James B. Rosser, Jr., defendant in the present action, signed the petition in the Desgouttes and Sam Lee suit against Wong Goon and *1732 Wong Bing Hong as attorney for plaintiffs, and also became the surety on the sequestration bond for $1000.
A writ of sequestration issued and under it all the property of the Yun Loy Company establishment was seized.
This was in August, 1898. The property was detained under this seizure from that time until December following, when the suit was dismissed ad the plaintiffs’ cost upon exception to the jurisdiction of the court rations personae.
A month later the present action was brought by the Yun Loy Company against Rosser for $3375 damages, claiming to have resulted to the company on account of the several seizures of the property as above described.
For the first seizure — -that taken out in the suit-against Ah Gun —where the property was detained ten days, the sum of $1225 is asked. For the second seizure — -that effected in the suit of Louis Desgouttes and Sam Lee against Woong Goon and Wong Bing Iiong — the sum of $2350 is asked.
As to damages resulting from the first seizure the evidence suffices, we think,' to warrant easily a judgment of $500 against defendant, and that is putting it at a low figure. .
This is for actual damages sustained and contains no estimate for exemplary or punitive damages.
Attorney’s fees, actual expenses incurred, pecuniary loss sustained, etc., enter into this calculation.
Frank & Co. vs. Chaffe & Sons, 34 La. Ann. 1203; Byrne & Co. vs. Gardner & Co., 33 La. Ann. 8; Stetson vs. LeBlanc, 6 La. 266; C. C. 2315; Beckhan vs. Hutchinson, 50 La. Ann. 766.
As to damages resulting from the second seizure, where the property was held in custody for four and a half months, we do not find evidence to justify holding that defendant Rosser instigated the suit brought by Desgouttes and Sam Lee' against Wong Goon and Wong Bing Hong, though he did act as attorney for plaintiff therein and did sign the sequestration bond.
To' succeed in the present action on .that complaint it must be shown that Rosser connived at the bringing of that suit, and that he was actuated by malicious motives and with a desire to injure plaintiffs herein. This is not shown.
Rosser is not sued here as surety on the sequestration bond which *1733 he signed it that case. In a proper action against Desgouttes and Sam Lee, as principals, and Rosser, as surety, on the bond for damages suffered by reason of that seizure and long detention of property, it may be that the Yun Loy Company, or the members thereof, might make a showing entitling them to recover.
For these reasons, it is ordered that the former decree of this court be set aside, and it is now adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and that plaintiff company do have and recover of the defendant the sum of five Hundred Dollars, with legal interest from judicial demand, in full settlement of all claims for damages growing out of the seizure of the property of the plaintiffs under judicial sequestration which issued at the instance of defendant in the suit instituted by him in the District Court, Parish of Jefferson, entitled James B. Rosser, Jr., vs. Ah Cun.
It is further ordered, etc., that there be judgment in favor of defendant on the demand as brought for damages herein asserted by plaintiff company against defendant, growing out of the seizure of the property of the plaintiff at the suit of Louis Desgouttes and Sam Lee vs. Wong Goon and Wong Bing Hong, No. 57,232 on the docket of the Civil District Court, Parish of Orleans.
It is further ordered," etc., that the reconventional demand of defendant Rosser herein be dismissed, and that he be taxed with all costs of both courts.