No. 1580

First Circuit

———

T. W. HUDSON v. LOUISIANA RAILWAY
& NAVIGATION CO.

———

(December 8, 1925, Opinion and Decree)
(January 28, 1926, Rehearing Refused)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 126, 131.**

Where defendant fails to avail himself of the right to except on the ground of vagueness, it is too late for him to obtain virtually a dismissal of the suit by objecting to the admissibility of the evidence under the pleading.

2. **Louisiana Digest—Damages—Par. 38.**

One who operates a sawmill is entitled to the loss of profits that he would have made in manufacturing the lumber out of logs due to his inability to haul logs over a road blockaded by a pile driver and train equipment of a railroad.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Twentieth Judicial District, Parish of West Feliciana, Hon. Chas. Kilbourne, Judge.

Action by T. W. Hudson against Louisiana Railway & Navigation Company. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

E. S. Muse, of St. Francisville, attorney for plaintiff, appellee.

James H. Kilbourne, of St. Francisville, attorney for defendant, appellant.

LECHE, J.   Concurs, written reasons.

MOUTON, J.   Dissents, written reasons.

ELLIOTT, J.   T. W. Hudson alleging that Louisiana Railway & Navigation Co. had for three days during the month of March and two during April, 1923, blockaded with its pile driver and train equipment, the only logging road, whereby he was able to haul logs to his sawmill which he was operating on the line of defendant's railroad, in such a way that it was impossible to get logs to his mill and that as a consequence he was forced to shut down his mill on said days and suffered a loss amounting to $531.00 on account of said act of defendant, brought suit to recover said amount.   He further alleged that the blocking of said crossing was not necessary; that if it had been left open he would not have suffered the loss aforesaid.   That he requested defendant not to block the crossing, but defendant persisted in and did actually and deliberately block the road and thus compel him to shut down his mill and suffer a loss aforesaid.

Defendant for answer denied plaintiff's allegations on the subject of damage and urged that plaintiff had no right to haul logs across defendant's right of way without defendant's permission, which he did not have; alleges that it had the right to obstruct the crossing as was done; that the obstruction on the days mentioned was due to forces over which defendant had no control and therefore even if plaintiff was damaged, defendant was relieved

of responsibility on said account and prayed that plaintiff's demand be rejected, etc.

The parties went to trial on the issue thus formed, but when plaintiff offered evidence, the purpose of which was to show that as a result of the blocking and his inability to haul logs over it to his mill on the days stated, his mill had to be shut down and that the $531.00 damages claimed was the loss which he sustained on account of being unable to get logs to manufacture into lumber, defendant objected, on the ground that plaintiff's petition was too vague and uncertain to admit proof thereof; the objection states that no particulars of any damage are given in the petition, no items of damage specified and only a gross sum claimed.

The district judge received the evidence, subject to the objection. In deciding the case he overruled the objection, considered the evidence and rendered judgment in favor of plaintiff as prayed for.

Defendant appealed and urges that its said objection should have been sustained and the evidence not heard and we are urged not to consider the evidence. The objection will be considered first.

The petition of judicial demand should express clearly what is demanded, C. P., Art. 151. It must contain a clear and concise statement of the object of the demand. C. P., Art. 172, No. 4. Defendant urges that plaintiff's petition does not comply with the law in stating clearly what is demanded; that it was surprised by the evidence; not prepared to defend on the ground for which the evidence was offered. Sawmills are operated for the purpose of manufacturing lumber out of logs. Lumber must be sold in order to obtain a

profit from its manufacture. Therefore the damages claimed, come as a reasonable inference from the wrongful obstruction, which prevented plaintiff from manufacturing lumber.

The object of pleading is to notify the adverse party of the nature of the demand, so that the demand may be defended.

In this case defendant did not except to plaintiff's petition as not conveying to defendant sufficient notice of the way in which the damages claimed were sustained; but answered the demand set up by special defenses and prayed that the demand be rejected. If defendant was uncertain as to the manner in which the damages alleged by plaintiff had been sustained, it should have excepted in limine and before answering the demand, praying that it be rejected and called for more light on the subject.

In Oldham vs. Grogan, 3 N. S. 517, the Supreme Court, speaking of a petition, said:

"It is sufficient to apprise the adversary of the facts on which a claim is set up against him. The legal consequences of the case may be shown on the trial."

The law C. P., Art. 316, 320, 321, furnishes examples, as a guide in matters of the kind and other matters. The law provides that when a defendant has answered to the merits joined issue and prayed that plaintiff's demand be rejected that: "the parties are then in a position to discover that evidence is necessary in support of their respective claims", C. P., Arts. 357, 359.

In Marr vs. Barnes, 1. Rob. 190, the Supreme Court held that "a motion requiring

plaintiff to state more clearly his cause of action, was too late after answering to the merits".

In this case, the damages claimed appearing to be a reasonable consequence of defendant's act, it was too late to object to evidence, the purpose of which was to establish the damages claimed as a result of the shut down alleged. Ory vs. Winter, 4 Mart. N. S. 277; Hodge vs. Easten, 5 Mart. N. S. 57; Fierson vs. Irwin, 5 La. Ann. 531.

In Doulut vs. McManus, 37 La. Ann. 800, plaintiff sued defendant for slanderous remarks. The petition alleged what defendant had said of which plaintiff complained; valued the damages in a lump sum and prayed for judgment against the defendant for the sum claimed.

The defendant did not urge that the petition was vague or indefinite; but answered the demand, praying that it be rejected. When plaintiff offered evidence to prove the demand, defendant objected as was done in this case.

The court speaking of the petition says:

"It is clearly sufficient to place defendant in possession of the nature of the facts prepared to be proved, and to enable defendant to prepare his defense.

"The objection that the claim for specific damages has not been set forth and detailed under which plaintiff can recover, is likewise unfounded. That omission could not justify the rejection of the evidence. It is well settled that vagueness wasn't of precision or generality in the averments of a petition, should be taken advantage of by an exception, which should be filed *in limine*, before answer to the merits, unless the opposite party had therefrom no sufficient notice of the nature of the demand and would be surprised.

"It is likewise positive that the final judgment rendered on the merits of the controversy in favor of either of the litigants, will constitute *res adjudicata* to any new suit brought on averments similar to those contained in the petition."

See also Butchers' Union, Etc., vs. Crescent City Co., 41 La. Ann. 358, 6 South. 508; Bickham vs. Hutchinson, 50 La. Ann. 765, 23 South. 902; Solomon vs. Gardiner, 50 La. Ann. 1293, 23 South. 896; Albinest vs. Yazoo & M. V. R. Co., 107 La. 133, 31 South. 675; Fox and Jewell vs. Barksdale & Sledd, 118 La. 339, 42 South. 957.

In this case we think, taking all the allegations of the petition together, defendant had notice of the way in which plaintiff claimed to have been damaged and when plaintiff's allegations were denied, special defenses urged and the rejection of plaintiff's demand prayed for, defendant's objection came too late. Not only that but the final judgment rendered in this case will be res adjudicata as between these parties on the subject of the damages claimed. The record contains a letter from defendant to plaintiff dated August 14, 1923, in which defendant acknowledges the receipt of a letter from plaintiff, complaining of the inconvenience and loss, due to the obstructed crossing.

The objection was properly overruled.

As for the merits, the contract offered in evidence concerning the use of the spur at Bruder, gave plaintiff the right to use the crossing in order to haul logs to his mill at that place; because the operation of a sawmill by plaintiff at that place was the object of the contract and the crossing offered the only route by which logs could be hauled to the mill. Defendant completely obstructed the crossing and it was not necessary to have done so; the pile

driver and train equipment could have been placed elsewhere at the time; but it was nearer to the washout being repaired to place it where it was done. Defendant by the contract, surrendered the right to obstruct the crossing against plaintiff as was done.

Plaintiff's claim for loss of profits that he would have made by manufacturing lumber out of logs, if his mill had not been shut down during the days mentioned is a very serious question. We have considered that it is unusual for a sawmill not to have spare logs on which he could operate for a few days and have also considered the further fact, that the daily and weekly net profit of his mill, during the months mentioned were not brought out.

Plaintiff testifies that his mill had a daily capacity of about 12,000 feet; that his total operating cost each day was about $151.00; that he manufactured about 7000 feet of lumber per day and received for it about $40.00 per thousand. He testified that it cost him $151.00 to manufacture $280.00 worth of lumber and we deduct $151.00 from $280.00 and according to which he earned a net profit of $129.00 per day and $516.00 in four days. Plaintiff in his testimony practically states that he claims but four days. We are clear that plaintiff is entitled to some damages but $129.00 per day appears very large.

As to the cut of the mill, cost of operation and price of lumber, plaintiff is corroborated by L. C. Smith.

Plaintiff says that he sometimes ran every day; but admits that a good deal depended on the weather as to whether he got logs to his mill. On this subject he says:

"Q. Weather conditions and everything else would have permitted you to operate your mill on these days?

"A. Yes, sir. The weather was so that I could have run on these days, I could have run, unless some other misfortune happened."

Whitty Young, plaintiff's log hauler, corroborated him as to the weather on the days the crossing was obstructed.

There is no evidence to the contrary. We can not go out of the records on the subject of the amount of damages to be allowed and arbitrarily fix on some amount, against all the evidence there is on the subject.

Plaintiff was indebted to defendant for rent of the spur at the time of the trial but we conclude that the stipulation in clause 13 of the contract with reference to the spur was the real, actual consideration on account of which plaintiff was given the right to use the spur.

Under the evidence before us the judgment appealed from appears to be correct; except in the matter of computation. We find that plaintiff's figures entitle him to $516.00 instead of $531.00. The amount due plaintiff is therefore fixed at $516.00 instead of the sum named in the petition and as thus corrected the judgment is affirmed.

Plaintiff and appellee to pay the cost of the appeal; defendant the cost in the lower court.

LECHE, J., concurs. For written reasons hereto attached.

MOUTON, J., dissents. For written reasons hereto attached.

LECHE, J.   In my opinion there is no hard and fast or arbitrary rule by which trial courts may be guided in admitting or rejecting evidence to establish damages which are only alleged *in globo*.

In Hernsheim vs. Levy, 32 La. Ann. 340, the court held that the single allegation "that the unlawful attachment of his goods has damaged him in his business to the amount of ten thousand dollars" is sufficiently clear and certain for the admission of evidence to show the amount of claimant's pecuniary loss.

In the case of Doullut vs. McManus, 37 La. Ann. 800, the court holds that lack of detail in specifying damages should be taken advantage of by exception which should be filed *in limine*, and does not justify the exclusion of pertinent evidence.

In Townsend vs. Fontenot, 42 La. Ann. 890, 8 South. 616, the court says, the allegation that plaintiff is entitled to recover $9000.00 "for actual damages sustained by your petitioner by the wrongful seizure $5000.00, for vexation of mind, trouble and annoyance to himself and family, and time lost by him. in the sum of $2000.00, for punitory and examplary damages in the sum of $1000.00, for attorney's fees in the sum of $1000.00", is too uncertain and inadequate to admit of proof.

In Bickham vs. Hutchinson & Bailey, 50 La. Ann. 567, 23 South. 902, the court says, that it is better practice to itemize the damages, but it is not always adhered to; that the court had repeatedly sanctioned pleadings for damages, in which specific and separate amounts were not claimed for each particular and definite damage, and it then proceeds to cite authorities.

In Williams vs. Pope Mfg. Co., 52 La. Ann. 1442, 2 South. 851, the court says, that an objection to the effect that defendant is entitled to know how plaintiff divides her damages, what portion is actual and what portion is punitory, is without merit and cites the Bickham case.

In Louisiana Railway & Navigation Co. vs. Sarpy, 117 La. 156, 41 South. 477, the syllabus by the court reads: "Where in an expropriation suit, a lump sum is claimed by way of damages and the petition sets forth a number of distinct items or elements of damage, without specifying the proportion of the sum claimed which is to be attributed to either of them, testimony offered in support of the claim is properly rejected."

In Davis vs. Arkansas S. R. Co., 117 La. 329, 41 South. 587, the court says that the plaintiff's "pleading was certainly very loose, and defendant was entitled through the appropriate except to have had the plaintiff ordered to make specific allegations as to the fact of damage, the amount thereof and of what elements composed, and itself relieved from answering until this should be done, in order that it might meet and repel the demand if it could. It is entitled to that information and relief now". The case was remanded to the trial court with the right reserved to plaintiff to amend her petition, a ruling to this effect was also made in the case of Gumpert vs. Werlein, 149 La. 843, 90 South. 215.

The pertinent allegations in plaintiff's petition in this case, are that he is engaged in operating a sawmill, that the only means within his control to reach his sawmill and to supply it with logs, is by a road crossed by defendant's tracks, that said road was blocked for five days by defendant's pile driver and work train; that plaintiff requested defendant's employees to move said train, but that they failed to do so, thereby making it impossible to supply his mill with logs; that plaintiff

was compelled to shut down his mill and that defendant thereby caused him a loss of five hundred and thirty-one dollars, which amount he claims as damages.

There is no doubt that upon reading the written demand of plaintiff, defendant could not from the petition itself, say of what the damage claimed by plaintiff was composed, and that under Art. C. P., 172, the petition should have contained a clear and concise statement of the object of the demand, as well as the cause of action on which it is founded. Defendant was left to guess what particular items of damage plaintiff had suffered and by what method he had reached the conclusion that his loss whether in money or profits, amounted to $531.00.

In the case of Davis vs. Arkansas S. R. Co., 117 La. 330, 4 South. 587, the organ of the court as I understand his language, at pages 323 and 324, intimates that the Code of Practice has established a method of making certain that which is vague in pleadings by means of the proper exception and that where a defendant fails to avail himself of such exception, he is not entitled to a dismissal of the suit, a result which would inevitably follow in this case, if plaintiff's proof were declared inadmissible. The ruling in the 37 La. Ann. case of Doullut vs. McManus, at page 802, seems to be to the same effect, although in the cases of L. R. & N. Co. vs. Sarpy, 117 La. 156, 41 South. 477, and Townsend vs. Fontenot, 42 La. Ann. 890, 8 South. 616, the admission of proof was refused and the claims dismissed.

To remand the case in order to afford plaintiff an opportunity to amend, would be tantamount to the court's supplying an exception of vagueness which defendant failed to file.

In this unsettled condition of the jurisprudence of this state, I believe it is more reasonable to follow the principles laid down in the Doullut and Davis, cases, and to hold that where a defendant fails to avail himself of the right to except on the ground of vagueness, it is too late for him to obtain virtually a dismissal of the suit by objecting to the admissibility of the evidence under the pleadings.

For these reasons, I concur with my colleague Judge Elliott, in the decree which he has prepared.

———

MOUTON, J.    (Dissenting.)

Plaintiff alleges that he operates a sawmill at Bruder Spur on the line of defendant company; that during the months of March and April, 1923, defendant blocked the roadway leading to his mill, and across the tracks of defendant, with a pile driver and train equipment making it impossible for plaintiff to supply his mill with logs, and as a consequence he was forced to shut down his mill and has suffered the loss of $531.00 on account of the said acts of defendant company. Further on in his petition plaintiff alleges that the blocking of the roadway by defendant prevented plaintiff from "going to his said sawmill with logs for manufacture into lumber". Grounding his claim on these allegations plaintiff is asking judgment against defendant in the sum aforesaid with legal interest from judicial demand.

On proof being offered to sustain the demand, defendant promptly objected thereto to show loss or damage, for the reason, that the allegations of the petition as to the damage claimed are too vague, indef-

inite and uncertain to admit proof thereof, no particulars of any kind being given, no items of damage being specified and only a gross sum of damage being claimed. The court permitted the evidence to establish damages to go in under reservation, and in rendering judgment, overruled the objection and held that the evidence had been properly admitted. In support of his contention that this evidence was competent under the allegations of his petition, plaintiff relies mainly on Doullut vs. McManus, 37 La. Ann. 800, one of the leading cases of the Supreme Court of this state on this subject. In that case the claim was in damages for a malicious slander and defamation of character. In the course of the opinion, the court said: "The petition contains a clear statement of the time, place and circumstances of the occurrence. It specifies the words used. It charges malice, want of provocation and absence of all justification. It values the damages, real and vindictive, and prays for corresponding relief." Continuing and in referring to the petition, the court says: "It is clearly sufficient to place defendant in possession of the nature of the facts proposed to be proved and to enable him to prepare his defense." It says also that defendant was sufficiently informed of the essential facts on which plaintiff relied to claim damages. Upon the foregoing analysis of the petition the court in the syllabus of the case, said: that "Vagueness, want of precision or generality in the averments could be taken advantage of by exception before issue joined, unless the opposite party has not therefrom had sufficient notice of the nature of the demand and would be truly surprised." Then follows this line: "The object of pleading is to notify the adverse party, so that he may be prepared to rebut." The other case New Iberia Tel. Exchange vs. Cumberland Tel. and Tel. Co., 51 La. Ann. 1025, 25 South. 975, recognizes the doctrine that damages may be claimed in globo subject to the requirement that each item constituting the total demanded should be sustained by proof. Here, plaintiff claims $531.00 in a lump or round-sum. This he had a right to do under our law of pleadings, and he was not therefore required to specify the items, if any existed, which together constituted this lump sum claimed. This we recognize as being the correct rule in such cases. In the instant case the only allegation of plaintiff in reference to the damage is that by reason of the alleged blocking of his roadway he was "forced to shut down his mill and has suffered the loss" of which he complains. Was it possible for defendant under such a general statement of the alleged "loss" to be apprised of what it was? Plaintiff in support of his claim, offered evidence showing the value of the manufactured lumber from the mill, less the cost of manufacture, for the purpose of establishing the profits he was making. Deprivation of these profits by the blocking of the roadway during four days constituted his alleged loss for which he claims the damages. He contends that the loss of these profits is the only damage he would have suffered. We can not accede to this proposition. In being forced to close his mill, for aught, defendant knew, he might have suffered the loss claimed in paying the employees of the mill while it was not running or from some other cause. It can not be said that defendant could be legally apprised that the loss was in the profits he was deprived on the manufactured lumber, unless he could have surmised this by the mere reference in plaintiff's petition that he was "manufacturing" the logs in his sawmill "into lumber". The object of pleading says the court in the 37 A. 800, is to notify the adverse party so that he may be prepared to rebut.

Measured by this rule, defendant was not notified so that he might have submitted counter proof to the claim that plaintiff had suffered the loss of profits as a consequence of his acts. He was not apprised of the nature of the facts proposed to be proved to enable him to prepare his defense which was the situation in the case above quoted.. Not being apprised that the damages claimed were the result of the loss of profits or of some other cause, defendant was not in a position to prepare himself to "rebut" or to prepare his defense. The objection to the evidence should have been maintained, and it was therefore improperly admitted. In his brief plaintiff claims that the blocking of the roadway was a violation of his rights, and entitles him at least to nominal damages. There is no claim whatsoever in damages for a violation of his personal or property rights. The demand is restricted exclusively to the demand in damages for the forced closing of his sawmill, and no damages could be allowed for the violation of his rights urged in the brief.

Counsel for plaintiff has referred us to a number of decisions from common law courts which he contends supports his position. We do not find, however, that the Doullut vs. McManus, 37 La. Ann. 800, to which he has referred or that any other case decided by our courts, sustains his contention in the instant case on the point under discusison.

Guided by the rules governing on this subject in our jurisprudence, I am of the opinion that the objection to the evidence should have been maintained and therefore dissent from the majority opinion of the court.