PER CURIAM.
Defendants-appellees move to dismiss the appeal taken on plaintiff’s motion from a judgment of the First City Court of New Orleans dismissing his suit, wherein plaintiff sought a judgment against the defendants for $184.82.
The grounds urged for dismissal are, first, that the order of appeal does not designate the court to which the appeal was granted, and second, that in the motion for the appeal appellant neither complained of error in the judgment nor filed an assignment of error.
The motion for the appeal sets forth that plaintiff “is aggrieved by the judgment * * * and that he desires to appeal suspensively therefrom to the Court of Appeal Circuit.” The judge’s order granting the appeal recites that “a sus-pensive appeal be granted * * * returnable to the Court of Appeal, Circuit Jjc * *
We do not think that the inaccurate designation of the court to which the appeal was intended to be taken tends to destroy the efficacy of the appeal. There is no court known as “Court of Appeal, Circuit.” No court, save the Court of Appeal for the Parish of Orleans, has appellate jurisdiction to review the judgment, and there could be no stronger implication that the appeal was meant to be taken to that court than the fact that the appellant regularly filed his appeal therein.
*234 Appellate courts are loathe to dismiss appeals because of technicalities and more inaccuracies, as it is the settled policy of the law to favor appeals and to liberally construe one’s constitutional right of appeal.
The Supreme Court has twice held that where the name of the court to which the appeal was returnable was not designated in the order of appeal, the deficiency as to the description of the court may be supplied by a reference to the record. Friend v. Graham’s Administrator, 10 La. 438; New Iberia Telephone Exchange v. Cumberland Telegraph & Telephone Co.. 51 La.Ann. 1022, 25 So. 975.
The second ground urged in the motion to dismiss is utterly without merit. In Woods v. William Rednour Transfer & Storage Co., La.App., 3 So.2d 213, 214, we said:
“The motion for appeal contains the statement: ‘ * * * that mover, the defendant, is aggrieved by the judgment herein rendered * * * ’.
“It was not necessary for appellant to state in her motion that there was error in the judgment of the lower court. In Lee v. Foley, 113 La. 663, 37 So. 594, 595, the appellee moved to dismiss the appeal on the ground that in the motion for appeal there was no allegation that there was error in the judgment nor that appellant had been in any way aggrieved by it. In refusing to dismiss the appeal, the Supreme Court said: ‘We know of no law requiring parties to actions applying for an appeal to declare in the motion that there was error in the judgment, or that they were aggrieved by it. The very fact of asking for an appeal evidences the fact that they consider themselves aggrieved, whether there was or was not error in the judgment. It is the very object of the appeal itself.’ ”
The motion to dismiss the appeal is overruled.
Motion overruled.