McBRIDE, Judge.
This appeal was taken by defendants by petition and appellees move its dismissal on these grounds, viz.: that the order of appeal does not grant either a suspensive or devolutive appeal, merely a “Court of Appeal”; that the order does not name the court to which the appeal is returnable; *787 that appellant Acosta did not attest to the sufficiency of the surety on the appeal bond nor did the surety make oath as to his solvency; that no citation of appeal was served upon appellees as the law directs.
None of the grounds urged for the dismissal of the appeal has merit.
The order for the appeal reads thus:
“Let the petitioner be and he is hereby granted a Court of Appeal on 9th day of August, 1955, according to law, upon his furnishing bond, with good and solvent security in a sum in accordance with law for the suspensive appeal in the sum of $100.00 Dollars, for the devolutive appeal and let a copy of this petition and order and a citation of appeal be served upon * * * Plaintiffs.”
While the order does not state in so many words that an appeal was granted, it is axiomatic that the intendment of the judge was to grant the petitioners a sus-pensive and devolutive appeal, all in accordance with their prayer, to the Court of Appeal for the Parish of Orleans, the only appellate tribunal, which has jurisdiction of the matter. The appellants in their prayer in stating the type of appeal sought used the words “suspensively appeal” and “devolutively appeal,” this evidently through inadvertence, but we need not attend to the niceties of grammar. LSA-C.C. art. 14. The order having been rendered on defendants’ petition, which is styled “Petition for Appeal and Order,” constitutes an order of appeal although it does not state that an appeal has been ordered. Shepart v. Unity Industrial Life Ins. Co., La.App., 10 So.2d 400.
It is not necessary that an order of appeal contain specific language to the effect that a suspensive or a devolutive appeal or both a suspensive and devolutive appeal has been granted, because under the articles of the Code of Practice it is not required that it be stated what kind of appeal is applied for or granted as the character and amount of the bond and the time at which it is filed determines the nature of the appeal. Grant v. Succession of Grant, 159 La. 535, 105 So. 611; Doll v. Dearie, La.App., 37 So.2d 61.0
 Movers point out that the appeal is not made returnable to any existent court. The order recites that the petitioners are granted a “Court of Appeal” and we think this manifests the intention of the judge to allow an appeal to us. True there is no “Court of Appeal,” but unquestionably the Court of Appeal for the Parish of Orleans is the court which the judge had in mind as only this court has jurisdiction to review the judgment. In an order of appeal it should be made to appear to which court the appeal is returnable, but any oversight may be cured by the recital of the bond of appeal or other proceedings. Friend v. Graham’s Administrator, 10 La. 438; New Iberia Telephone Exchange v. Cumberland Telegraph & Telephone Co., 51 La.Ann. 1022, 25 So. 975; Alpaugh v. Krajcer, La.App., 54 So.2d 233. Resorting to the petition for the appeal for the purpose of ascertaining to which court appellants desired their appeal to be returnable, we find that an appeal to the Court of Appeal for the Parish of Orleans was prayed for.
As to the bond of appeal, if any defects exist therein no effort at all was made by the appellees in the trial court to call upon appellants to supplement the bond as required by LSA-R.S. 13 ¡4571-4580. Therefore, the appeal may not be dismissed in the appellate court. Secari v. Uchello, La.App., 42 So.2d 100.
Whether citation of appeal was served on the appellees is of no moment as a total lack of citation or any defect in serving the citation of appeal was cured by the appellees’ making voluntary appearance and urging the other grounds for the dismissal of the appeal. They have waived citation of appeal under such circumstances. Geo. L. Ducros Tile Co. v. Frey Homes, Inc., La.App., 54 So.2d 354.
The motion to dismiss the appeal is denied.
Motion denied.