ON APPLICATION FOR WRIT OF CERTIORARI
liJOHNSON, J.,
would grant the writ for the following reasons.
Two different panels of the Fourth Circuit considered this case. The first panel, consisting of Byrnes, Klees, and Plotkin, affirmed the trial court’s dismissal of the claim against Church Mutual Insurance Company, holding that Church Mutual is not required to provide coverage for Reverend Martin. However, the court reversed the trial court’s dismissal of the claims against the other insureds and remanded the ease to trial.
On remand, the trial court maintained peremptory exceptions of no cause of action filed by St. Bernard United Methodist Church and the Louisiana Conference of the United Methodist Church. The Fourth Circuit denied plaintiffs’ application for supervisory writs, and the plaintiffs filed a writ applica *443 tion with this court. This court remanded the case to the trial court and issued an order directing the trial court to treat plaintiffs’ pleading as a petition for devolutive appeal and to grant plaintiffs a devolutive appeal. Stein, et al. v. Martin, et al, 97-CC-0287 (La.3/27/97), 691 So.2d 674. Thereafter, the court of appeal issued an order directing appellants to supplement the record with an order of appeal from the trial court within a time period fixed by that court. After appellants failed to comply, defendants moved to dismiss the appeal. A different panel of the Fourth Circuit, consisting of Schott, Barry, and Jones, granted the motion to dismiss because plaintiffs had not supplemented the record.
On remand, the only defendant left in this litigation is Reverend Martin. The other defendants have been dismissed because of procedural defects.
Our jurisprudence favors appeals and liberally construes the constitutional right of appeal. Appellate courts are loathe to dismiss appeals because of technicalities and mere inaccuracies. See Alpaugh v. Krajcer, 54 So.2d 233 (Orl.La.App., 1951). LSA-C.C.P art. 2161 provides, in part, “an appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter |2who is responsible, and the court may remand the case for retrial or for correction of the record.”
Because I believe we should decide cases on their merits, rather than on procedural defects, I would grant the writ, vacate the court of appeal’s order to dismiss the appeal, and allow this case to proceed. It would be grossly unfair to deprive these plaintiffs of a complete remedy by allowing some of the defendants to take advantage of a procedural defect.